JAMES McGREW v. THE CITY OF KANSAS CITY, KANSAS, *et al.*

Nos. 12,061, 12,062.  (67 Pac. 438.)

SYLLABUS BY THE COURT.

1. *Cities and City Officers — Special Assessments.* Unplatted land within a city, that is, land not divided into lots and blocks, can only be specially assessed for improvements in the manner provided by section 737, General Statutes of 1901.

2. —————— *Exempt Parcels of Land.* Parcels of such land which do not actually adjoin the improvement, or which lie more than 300 feet from it, are not deemed to be specially benefited by the improvement, and cannot be specially assessed for making it.

3. —————— *Parcel Surrounded by Streets not a Block.* The fact that a tract of ground in a city which has not been platted or subdivided into lots and blocks by the owner is surrounded by streets does not make it a block, within the meaning of section 729, General Statutes of 1901, nor make it assessable to the center of the tract for special improvements, without regard to whether or not it abuts upon the improvement.

Error from Wyandotte district court; E. L. FISCHER, judge.    Opinion filed January 11, 1902.    Reversed.

*McGrew, Watson & Watson*, for plaintiff in error.

*T. A. Pollock*, city counselor, and *M. J. Reitz*, city attorney, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: Two proceedings were begun by James McGrew to enjoin the levy and collection of a special assessment upon his property for the paving and curbing of a portion of Fifth street in Kansas City, Kan.   One of them was an attack on the paving proceeding against that city, and the other was an attack on the curbing, and both were brought before any work was begun, and within thirty days after the

cost of the proposed improvements had been ascertained and apportioned. McGrew owned a tract of unplatted land of irregular form which had streets on all sides of it, and Fifth street, the one which the city proposed to improve, bounded this land on the east. For the purposes of assessment the lands levied upon and in question here were designated as "Land 1," "Land 2," "Land 3," "Land 4," "Land 5." Lands 1, 2, 3 and 4 abutted upon Fifth street, the one to be improved, while Land 5 was separated from these other pieces by an alley fifteen feet wide, which had formerly been conveyed by McGrew and wife to the county of Wyandotte for use as an alley. Land 3 and Land 4 had been sold by McGrew to other parties prior to the commencement of the assessment proceedings. It therefore appears that Land 5 does not abut on the street to be improved, but lies back of the other pieces and is separated from them and from Fifth street by the alley mentioned.

The plaintiff questioned the validity of the proceedings for the improvement of the street upon various grounds. The trial court held them to be insufficient and refused a temporary injunction.

One of the objections is that the portion of the street paved is not in the center of the same. There is nothing substantial in this objection. It appears to have been due to irregularity in the width of the street, and whether the curb line shall be closer to the lots on one side of the street than on the other is a matter within the discretion of the city officers.

There is also a claim that the property was not fairly appraised ; that the assessments were unequal and were levied without regard to the special benefits to be derived from the improvements, but the testimony in the record does not sustain these claims.

A serious objection, however, is made that the property of the plaintiff was not assessed on the correct theory. It appears that the city was proceeding on the theory that the plaintiff's property was platted land, and was assessing it without regard to whether it fronted or abutted on the street to be improved. Two methods of assessment are provided by statute. Where the lands are platted, the costs of improvements must be assessed upon all the lots and pieces of ground to the center of the block on either side of the street the distance to be improved, and such lots and pieces are subject to assessments levied if they do not abut upon such street. (Gen. Stat. 1901, § 729 ; *City of Ottawa v. Barney*, 10 Kan. 270 ; *Olson v. City of Topeka*, 42 id. 709, 21 Pac. 219.) As to unplatted lands, the statute provides that the assessment shall be made on the pieces of land abutting on the improvement to the distance of 300 feet from the street to be improved. (Gen. Stat. 1901, § 737.) That the lands are unplatted is conceded, and that portions of them do not adjoin Fifth street is beyond question.

There is a contention that all these lands, as well as an additional tract adjoining Land 5, constitute a block, and that a special assessment may be levied to the center of the tract. According to the common understanding, a block is a portion of platted ground in a city, surrounded by streets, and the term is not ordinarily applied to a tract of unplatted land. Blocks in platted territory are generally uniform in extent and shape, and the theory of the legislature was that such limited parcels may be specially benefited by the improvements on surrounding streets, whether the lots composing the block abut upon the improved street or not. As to tracts within a city not platted into lots and blocks, the evident idea of the legislature was that

the special benefits derived from an improved street through such tracts did not extend further than 300 feet from the street, and that only such pieces as actually adjoin such improvement could be regarded as within the scope of special benefits.

The claim that a tract of unplatted land, of whatever extent, if surrounded by streets, is a block, and is deemed to be benefited to the center of the tract, although not abutting on the improvement, is not reasonable and does not accord with the manifest purpose of the legislature.   Frequently large tracts of unplatted and unoccupied lands lie within the exterior limits of cities, and are surrounded by public highways.   If an eighty-acre tract were so situated, would it be contended that it constituted a block within the legislative intention, or that an improvement of a street through one end of the tract could be regarded as a special benefit to the center of the tract, one-fourth of a mile away?  It would hardly be argued that the legislature contemplated that one acre of such tract which did not adjoin the improved street, but was in fact eighty rods distant from it, should be taxed for the improvement.

We think the "block" referred to in section 729, *supra*, is the ordinary one made by platting.   The law provides how tracts of unplatted ground may be subdivided by the owner, and when such subdivision is made, the different parcels of ground, other than those which are public, are designated as lots and blocks.   In the absence of anything showing a contrary intent, the ordinary signification should be given to terms employed in the statutes, and according to this interpretation, "lots" and "blocks," as used in the statute in question, must be regarded as the subdivisions ordinarily made by platting.   When

McGrew v. Kansas City.

ground in cities is so platted, the parcels are described in conveyances and proceedings for taxation as lots and blocks, but ordinarily they are not so described unless the ground has been platted as the law provides.

Reference is made to *City of Ottawa v. Barney*, supra, and *Blair v. City of Atchison*, 40 Kan. 353, 19 Pac. 815, as holding that any portion of a city enclosed by streets constitutes a block; but in these cases the court was speaking of subdivisions of platted territory within a city, and did not have in mind tracts of unplatted territory which might by chance be surrounded by the streets or other highways. The statutes pertaining to city improvements recognize the distinction. Section 729, *supra*, provides for cases where there is a division into lots and blocks, while section 737 provides for cases wherein no such division has been made. The latter statute reads as follows:

" Whenever any improvement specified in the preceding sections in this act shall be made, and the piece or pieces of land abutting on such improvement shall not be divided into lots or blocks, the assessment therein provided shall be made on the piece or pieces of ground adjoining such improvement through which the same may be located, to the distance of 300 feet from the street, avenue, lane or alley upon which such improvements are made, extending along the street, avenue, lane or alley the distance improved or to be improved, as provided in said section.''

The plaintiff's property clearly comes within the provisions of this section, as it was agreed between the parties that the lands in question were sold and described by metes and bounds, and that they have never been divided into lots and blocks by platting. The section plainly provides for all tracts not divided into lots and blocks; that only pieces abutting or ad-

joining the improved street, avenue, lane or alley shall be specially assessed ; and, further, that the assessment district cannot extend more than 300 feet from the line of improvement. Unplatted ground, therefore, however small, and which does not actually adjoin the improvement, cannot rightfully be specially assessed for such improvement.

It is contended, however, that because this property does not extend more than 300 feet from Fifth street, it is taxable under the provisions of the section last quoted. The difficulty with this contention is that portions of the land do not adjoin the street to be improved. Land 5 is separated from the balance of that assessed by an alley, and portions of it lie back of property owned by other persons. It is argued that the strip of land designated as an alley which runs through the property cannot be regarded as public ground because the deed to the strip has never been formally accepted by the county, and further, that, if accepted, streets and alleys cannot be created without the consent of the city. First, it is to be noted that in the agreed facts it is stipulated that it is an alley, the fee title to which is in Wyandotte county. There is a further stipulation that the conveyance of the alley was made without the knowledge or consent of Wyandotte county or Kansas City, Kan., and was not accepted by any recorded act. There was official recognition, however, of the conveyance and the use for which it was made, as the county has exempted the strip from taxation ever since the conveyance. There was recognition, too, by the city in these proceedings, and it being conceded that the conveyance carried the fee to the county for use as an alley, and that because the strip was treated as an alley in the assessment proceedings and exempted from taxation, it effectually

separates the land west of the alley from all of that east of it, and so much of it as lies west cannot be said to adjoin the improved street.

All of the lands having been assessed upon the wrong theory and under provisions of statute not applicable, the proceedings are invalid, and the plaintiff was entitled to an injunction.   None of the other objections seem to require attention from the court, but for the error mentioned the judgments in both causes will be reversed and the causes will be remanded for further proceedings.

Doster, C. J., Smith, Greene, JJ., concurring.