JAMES McGREW. v. THE CITY OF KANSAS CITY,
KANSAS.

No. 13,629.   (77 Pac. 698.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS—*Liability for Damages from Paving and Curbing.* A city of the first class is not liable in damages to a property-owner for paving and curbing a street so that the curbing is less than five feet from the boundary of a lot abutting on the street improved.

Error from Wyandotte district court; E. L. FISCHER, judge.   Opinion filed July 7, 1904.   Affirmed.

*McGrew, Watson & Watson,* for plaintiff in error.

*J. W. Dana,* city counselor, and *M. J. Reitz,* city attorney, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : This was an action for damages against the city.   The mayor and council in due form of law contracted for the paving and curbing of a part of Fifth street, which runs north and south.   Plaintiff below owns real estate on the west side of it, and abutting thereon.   After the work had been completed this action was begun, based on the claim that the street was improved in an unlawful manner for the reason that the width of it from lot line to lot line is 55 feet as laid out.   The space improved was 36 feet in width, the east line of the improvement being 17 feet west of the east line of the street, and the west line of the improvement (marked by the curbing) being three feet or less east of the west line of the street, leaving about three feet for sidewalk space in front of plaintiff's property.   There was no sidewalk at the place mentioned.   The court below sustained a demurrer to the petition.

McGrew v. Kansas City.

There was no charge of negligence in the construction of the paving or guttering, the gravamen of plaintiff's claim being that the plan of the improvement was defective in that the paving was not laid nearer to the center of the street. This question was referred to in the case of *McGrew v. Kansas City*, 64 Kan. 61, 62, 67 Pac. 438. In passing on the manner in which the improvement was made, the court said :

"One of the objections is that the portion of the street paved is not in the center of the same. There is nothing substantial in this objection. It appears to have been due to irregularity in the width of the street, and whether the curb-line shall be closer to the lots on one side of the street than on the other is a matter within the discretion of the city officers."

There being a legal right vested in the mayor and council to pave and curb the street in the manner it caused the work to be done, a cause of action for damages could not be based on the exercise of such lawful right for injury to the property situated outside the street though abutting thereon. (*Gould v. City of Topeka*, 32 Kan. 485, 4 Pac. 822, 49 Am. Rep. 496.) The governing authority of the city exercised its discretion in paving the street nearer to the lot line on one side than on the other. Such discretion is not subject to judicial control, and in no manner affects the question of power. (*Challiss v. Parker, Treasurer*, 11 Kan. 384; *City of Emporia v. Gilchrist*, 37 id. 532, 15 Pac. 532.)

Counsel for plaintiff in error cite section 877 of the General Statutes of 1901, which confers power on the mayor and council of cities of the first class to require the building of sidewalks in front of any lot or block in the city, provided, that the outer edge of the sidewalk shall not be less than five feet from the fence or bounds of the lot or lots. The contention is that plain-

tiff below cannot now construct a lawful sidewalk for the reason that the space left for that purpose between the curb and his lot line is less than five feet. The answer to this is that the city is not attempting to require the construction of a walk. If at any time the city should determine that a sidewalk is necessary along the property of plaintiff, conforming in width to the requirements of the statute above referred to, the power of eminent domain can be invoked and private property appropriated for that purpose.

The judgment of the court below will be affirmed.

All the Justices concurring.