No. 18,944.

E. J. ELLSWORTH, *Appellant*, v. WALTER JARVIS, *Appellee*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Driving Automobile—Damages—Petition Sufficient as Against Demurrer*. A petition charging negligent conduct resulting in injury to another, being sufficient in other respects, states a cause of action whenever the court is able to say that the inference of negligence may reasonably be drawn from the facts alleged, notwithstanding the ultimate pronouncement of liability must be made by a jury.

2. SAME—*Duty of Driver of Automobile in Presence of Frightened Horse*. Section 452 of the General Statutes of 1909, relating to the operation of automobiles on public highways, did not specifically forbid an automobile driver to stop without a

signal or specifically require him to stop his motor if he should stop his car. The statute, however, did require the driver of an automobile to exercise reasonable precaution to prevent the frightening of horses and injury to the person driving them; and if reasonable precaution should, under the circumstances of a particular meeting with horses, require the automobile driver to proceed without stopping or to stop his motor if he stopped his car, the failure to take such precaution would constitute negligence.

3. SAME—*Negligence—Automobiles—Petition States Cause of Action.* The petition examined, and held to state a cause of action for negligence on the part of an automobile driver who, on meeting a team of frightened horses which had been turned to one side of the road and halted by the driver, stopped alongside the team and allowed his engine to continue to run, thereby causing the horses to become panic-stricken and to lunge sidewise away from the car.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed July 7, 1914. Reversed.

*C. T. Atkinson,* of Arkansas City, for the appellant.

*A. M. Jackson,* and *A. L. Noble,* both of Winfield, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued the defendant for damages for personal injuries sustained as a result of the plaintiff's horses taking fright at the defendant's automobile. A demurrer was sustained to the petition and the plaintiff appeals.

The charging part of the petition reads as follows:

"On or about the 13th day of February, 1912, this plaintiff was driving his said team attached to said buggy by said harness from what is known as 'The Casaday Corner,' in Bolton township, Cowley county, Kansas, towards Geuda Springs, Kansas, on the road to this plaintiff's home, and that the defendant approached this plaintiff from the north, in an automobile driven by the said defendant, and said automobile was propelled by a gas or gasoline engine motor which gave forth as the machine ran a loud, throbbing, chugging and singular noise; that as this plaintiff and the de-

fendant continued to approach each other, this plaintiffs horses became restive and exhibited signs of extreme fright, which the defendant observed, and without shutting off his engine or stopping, continued to approach this plaintiff with his machine and the sounds heretofore mentioned; that this plaintiff pulled his team of horses to the right-hand side of the road, brought his team to a halt, and as the defendant approached more closely the said horses still continued to show signs of extreme fright, which the defendant observed, and the defendant also observed that it was necessary for this plaintiff to use both hands to control his team and that there were two other persons in said buggy besides this plaintiff; that instead of the defendant stopping his machine and shutting off his engine, he continued to approach this plaintiff and the other parties in said buggy, notwithstanding the fact that the defendant saw that this plaintiff was exerting every method and power to control said horses and that there were three persons in said buggy and that said horses were badly frightened, and instead of meeting and passing this plaintiff and lessening the fright of the said horses, the said defendant carelessly and negligently stopped his automobile almost opposite to the place where this plaintiff held his team, and carelessly and negligently did not shut off the engine, but allowed said engine to continue in motion; that the automobile was a large machine and its sudden stoppage and leaving said engine in motion and the said engine making a throbbing, explosive, whirring, grinding and nerve-racking noise after the said large car had been stopped by the carelessness and negligence of the said defendant, caused the said team to take sudden fright and to become panic-stricken and to make a sudden lunge and a short turn to the right, doubling up and breaking the pole of the said buggy and overturning said buggy, in which this plaintiff and the others were riding, and thus throwing the other persons and this plaintiff out of the said buggy, throwing this plaintiff upon and against a barbed wire fence."

The statute relating to the operation of automobiles on public highways which was in force at the time the plaintiff was injured reads as follows:

"Every person having control or charge of a motor vehicle or automobile shall, whenever upon any public street or highway and approaching any vehicle drawn by a horse or horses, or any horse upon which any person is riding or driving domestic animals, operate, manage or control such motor vehicle or automobile in such manner as to exercise every reasonable precaution to prevent the frightening of any such horse or horses or domestic animals and to insure the safety and protection of any person riding or driving the same; and if such horse or horses or domestic animals appear restive and frightened, the person in control of such motor vehicle shall reduce the speed thereof, and if practicable turn to the right and give the road, and, if requested by signal or otherwise by the driver of such horse or horses or domestic animals, shall proceed no farther towards such animal or animals, but remain stationary so long as may be necessary to allow such horses or domestic animals to pass. This provision shall apply to automobiles or motor vehicles going either in the same or in the opposite direction." (Gen. Stat. 1909, § 452.)

In support of the court's ruling on the demurrer it is said that a petition charging negligence as a cause of action must state facts upon which a specific duty arises as a matter of law and not as a mere matter of opinion on the part of a jury. In a general sense this is true. The standard of duty which the law adopts, however, is what a reasonably prudent man would have done under the same circumstances. This standard may be indefinite, illogical, and fictional, but it is the best the law affords. The legislature was unable to provide a better one, as the statute quoted demonstrates. The legislature was able to say that an automobile driver must stop on meeting a restive team if signalled to do so, but it could not undertake to solve the entire situation by specific directions given in advance. It was obliged to fall back on the standard of reasonable precaution. If reasonable precaution to prevent the frightening of a

horse and to insure the safety of its driver should require the automobile driver to stop without a signal, he would be negligent if he failed to do so and injury resulted. The statute does not forbid an automobile driver to stop without a signal, but if reasonable precaution should require him to proceed, he should do so. The statute does not require an automobile driver to stop his motor after the car had been stopped, on signal or otherwise, but if reasonable precaution should require it he must do so or be at fault. (See *Mahoney v. Maxfield*, 102 Minn. 377, 12 Ann. Cas. 289, and Note, p. 292; *Messer v. Bruening*, 25 N. Dak. 599, 142 N. W. 158, 48 L. R. A., n. s., 945, and Note, p. 946.)

Applying the standard of reasonable precaution to the facts stated in a petition attempting to charge negligence, a court may be able to declare as a matter of law that a cause of action has been stated, or has not been stated. The facts may be, however, of a more dubious character. They may be such that a reasonable person well qualified to speak would be satisfied that negligence appeared, while another equally competent person would draw a different inference. In such a case a cause of action is stated, but the ultimate pronouncement upon liability must be made by a jury. The result is that a cause of action is stated by a petition charging negligence if the court is able to say that a reasonable mind might fairly infer negligence from the facts alleged.

It is clear that no injury resulted from the failure of the defendant to stop when he first observed that the plaintiff's horses were frightened and that the plaintiff's hands were so engaged in holding the horses that he could not signal. What would have occurred if the defendant had then stopped is wholly conjectural, and the first part of the story told by the petition must be regarded as explanatory of what followed.

Although the automobile continued to approach, the plaintiff was able to control his frightened horses to the extent that he gave the road to the automobile and

stopped them. This fact fairly indicated to the defendant that if he went ahead he ought to pass by the team. A jury might well conclude that he was not warranted in bringing the terrifying agent practically alongside the restive horses and then stopping it there and leaving the engine in the production of the noises described in the petition. It would be entirely reasonable to say that if he stopped he should have stopped the engine, and that he might have anticipated that after he stopped abreast of the horses and did not stop the engine they would become panic-stricken and lunge sidewise away from the car.

The conclusion is that the petition stated a cause of action which should have been submitted to a jury under proper instructions from the court.

The judgment of the district court is reversed and the cause is remanded with direction to overrule the demurrer.