No. 21,639.

B. F. BUSH, as Receiver of THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant*, v. THE CITY OF TOPEKA et al., *Appellees*.

SYLLABUS BY THE COURT.

1. PAVING STREET—*Apportionment of Assessments—Block as the Unit.* In making and apportioning a special assessment for paving a street in a platted portion of the city, the block is the unit, and the fact that the block may vary in size and shape from others in the city does not ffect the rule, or the validity of the assessment.

2. SAME—*When Block is Regarded as Platted Ground.* A block so situated must all be regarded as platted ground, although a part of it has not been subdivided into lots of the customary size, and it is subject to assessment from the line of the improved street to the middle of the block.

3. SAME—*Error in Assessment—Advantage of Plaintiff—Plaintiff May Not Complain.* The fact that the assessment was extended only 300 feet from the improved street, when it should have been extended to the middle of the block, by reason of which the assessment upon the ground of plaintiff, the complaining party, was considerably lessened, is not an error of which the plaintiff can complain. A party cannot take advantage of an error which operates to his advantage.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed December 7, 1918. Affirmed.

*W. P. Waggener, Walter E. Brown,* both of Atchison, and *W. A. S. Bird,* of Topeka, for the appellant.

*George P. Hayden,* and *Irwin Snattinger,* both of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This proceeding involves the validity of a special assessment on the property of plaintiff to pay for paving a portion of Monroe street in the city of Topeka.

The tract assessed is a part of a block in the platted portion and near the center of the city, but not all of the block in which the land lies has been subdivided into lots. The plaintiff's tract and the district in which it lies is quite well shown by the accompanying map. It will be observed that the block is larger than other blocks surrounding it, and that a part of the west half of the block has been subdivided into lots. Only sixty feet of the tract assessed touches Monroe street and the remainder of it lies behind the lots mentioned, but within the west half of the block. The court sustained the assessment, but instead of imposing it to the middle of the block, it was only placed upon the lots and pieces of land therein to a distance of 300 feet from the improved street.

The parties speak of and treat the tract involved as unplatted land, evidently because it has not been subdivided into lots of the customary size, and the plaintiff insists that it should be regarded as unplatted ground which is not subject to an assessment, under the rule of *McGrew v. Kansas City,* 64 Kan. 61, 67 Pac. 438. The tract in question is in fact platted ground. It is a part of a block, and the block is the unit upon which an assessment for street improvements is made and apportioned.

(Gen. Stat. 1915, § 1231; *Bowlus v. Iola,* 82 Kan. 774, 109 Pac. 405; *Cravens v. City of Salina,* 101 Kan. 161, 165 Pac. 801.) The block in question is composed of lots and pieces of ground, and the fact that a part of it is not subdivided into lots does not make it unplatted land, nor does the fact that it may differ in shape and size from other blocks change the rule or affect the validity of the assessment. (*Larson v. City of Ottawa,* 101 Kan. 422, 166 Pac. 565.) In a case involving a similar situation, in which a like question arose, it was held that the railroad property within a block was subject to assessment. (*Railway Co. v. City of Chanute,* 95 Kan. 161, 147 Pac. 836.) There is no real conflict between *McGrew v. Kansas City,* 64 Kan. 61, 67 Pac. 438, and the later cases on the subject. The land involved in the McGrew case was agricultural land which had never been platted into lots or blocks, and which lay outside of the platted part of the city. In the later cases, the grounds in question were in blocks within platted territory. The statement in the opinion in the McGrew case on which reliance was placed, was used with reference to unplatted land, and the rule in such cases does not apply to land in a block within a platted district.

It is said that the decision of the trial court indicates that the case was tried upon the wrong theory, as the assessment was only extended 300 feet from the improved street, which covered less of plaintiff's land than if it had extended to the middle of the block. Under the statute it should have been extended to the middle of the block, and of this the city had reason to complain. As to the plaintiff, it was harmless error, and the rule is that if the court or other tribunal erroneously gives to the party complaining more than he is entitled to, he cannot take advantage of such error, because he has not been hurt. In such a case there must be not only error, but also prejudice of the rights of the appellant.

The judgment is affirmed.