No. 27,212.

LEM C. W. BROWN et al., *Appellants*, v. THE CITY OF JUNCTION
CITY et al., *Appellees*.

### SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Second-class Cities—Power to Annex Adjacent Territory*. A city of the second class does not have authority by ordinance to annex territory which is adjacent to the corporate limits of the city and which has been platted into acre and ten-acre tracts without streets or alleys running through it or around it.

Appeal from Geary district court; CASSIUS M. CLARK, judge. Opinion filed December 11, 1926. Reversed.

*Matt Guilfoyle*, of Abilene, for the appellants.

*James V. Humphrey* and *Arthur S. Humphrey*, both of Junction City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs sued to enjoin the defendants from extending the corporate limits of Junction City so as to include real property owned by them. Judgment was rendered in favor of the defendants, and the plaintiffs appeal.

It is argued that the ordinance extending the corporate limits so as to include the property owned by the plaintiffs is invalid because the property had not been platted into lots and blocks, was not circumscribed by territory within the corporate limits, and because no petition had ever been presented to the county commissioners of Geary county asking that the territory be taken into the city.

The petition alleged:

"That a number of the tracts owned by the plaintiffs contain more than five acres in one body; that said territory sought to be added to said city by said ordinance is chiefly farming land."

The answer alleged that in 1881 the land had been platted as an addition to the city of Junction City and that—

"The certificate of said owner specifically provided that the territory was laid out in lots and blocks as an addition to Junction City and dedicated the streets shown by said plat to public use."

By stipulation, the cause was tried on the affirmative facts alleged in the pleadings and on a plat of the additions in controversy, which

Municipal Corporations, 28 Cyc. p. 191 n. 76.

plat showed that part of the city of Junction City adjacent to the territory sought to be annexed. The plat showed that one of the additions adjoined the west corporate limits of the city and that one corner of the other addition adjoined a corner of the south corporate limits of the city. One of the additions was shown as Price's addition and the other one was shown as the West Side addition. All of the West Side addition was sought to be annexed, but not all of Price's addition. The whole of Price's addition was approximately 1,248 feet wide north and south by 2,648 feet long east and west. A strip off the east end of the addition about 331½ feet wide east and west and 1,248 feet long north and south was sought to be added to the city, and another strip off the south side of Price's addition extending west from the south end of the strip just described 2,316½ feet east and west and 187 feet wide north and south, was also sought to be added to the city. The east end of Price's addition had been subdivided into two blocks numbered 6 and 13, the east one-half of each of which had been subdivided into five lots each 125½ feet wide north and south by 331½ feet long east and west, each of which contained almost one acre. On the north side of Price's addition was platted a street known as Fair street, thirty feet wide; and on the south side of that addition was shown a road known as Eighth Street road, sixty feet wide. The plat did not show any streets or alleys through Price's addition. The plat showed that Price's addition contained more than seventy acres of land.

The West Side addition, the southeast corner of which adjoined the northwest corner of the corporate limits of the city, extended 980 feet north and south by 509 feet east and west. The plat showed that this addition had been divided into numbered, unnamed tracts and showed one street running through it, and showed alleys running through it, north and south, and east and west. The plat showed that the tract was on the south side of Eighth Street road, which was sixty feet wide, and that on the south side of the tract Fifth street had been extended so as to adjoin on the south that part of the tract which had been subdivided into blocks or parcels.

None of the territory sought to be annexed was circumscribed by the corporate limits of the city.

A plat of the territory sought to be annexed and of a part of the city follows:

Pertinent statutes are sections 12-501 and 12-502 of the Revised Statutes. Section 12-501 reads:

"Whenever any city desires to enlarge the limits thereof from territory adjacent thereto, the governing body of such city shall in the name of the city present a petition to the district court of the county in which said city is situated, or the judge thereof, setting forth by metes and bounds the territory sought to be so added and praying that such territory may be added thereto."

Section 12-502, in part, reads:

"Notice of the time and place of said hearing, together with a description of the property sought to be added to said city, and the names of the owners thereof so far as the same can be ascertained from the records of said county shall be published for three consecutive weeks in some newspaper of general circulation in said city: . . . *Provided,* That no such proceeding shall be necessary when the territory sought to be added is subdivided into lots and blocks, but in such cases the city shall have power to add such territory to the city by ordinance."

In *Ruland v. City of Augusta,* 120 Kan. 42, 242 Pac. 456, the court said:

"The general question of the advisability of enlarging the territorial limits of a municipal corporation is a legislative question which, under our constitution, cannot be delegated to the courts.

"R. S. 12-501, 12-502, in so far as they attempt to confer upon the district court, or judge thereof, authority to entertain a petition to increase the corporate limits of a city by adding unplatted territory thereto, to determine the advisability of the proposed territorial increase, and to make orders in relation thereto, are void, as an attempt to confer legislative functions upon the judiciary." (Syl.)

Sections 12-501 and 12-502 are the result of revisions made by the commission to revise the general statutes. Prior to that revision, chapter 118 of the Laws of 1905 was in effect. That law, found in the General Statutes of 1915 as section 808, so far as it is material to the present discussion, reads:

"That whenever the city council of any city of the second or third class desire to enlarge the limits thereof from the territory adjacent thereto, said council shall, in the name of said city, present a petition to the board of county commissioners. . . . Upon such petition being presented to said board of county commissioners . . . they shall proceed to hear testimony as to the advisability of making such addition: . . . *Providing* [*Provided*], That no such proceeding shall be necessary where the territory sought to be added is subdivided into lots and blocks, but in such cases the city council of such city shall have power to add such adjacent territory to said city by ordinance: *And further provided,* No unplatted territory of over five acres shall be taken into said city against the protest of the owner thereof, unless the same is circumscribed by platted territory that is taken into said city."

The portion of that part of Price's addition which was sought to be added to the city was adjacent to it, but was not circumscribed by the corporate limits of the city.

In proceedings to assess city property for public improvements, this court has said that "a block is a portion of a city inclosed by streets or avenues." (*Olsson v. City of Topeka,* 42 Kan. 709, 21 Pac. 219. See, also, *Bowlus v. Iola,* 82 Kan. 774, 109 Pac. 405; *Railway Co. v. City of Chanute,* 95 Kan. 161, 147 Pac. 836; *Cravens v. City of Salina,* 101 Kan. 161, 163, 165 Pac. 801.) But that definition has not always been strictly followed in such proceedings. (*Larson v. City of Ottawa,* 101 Kan. 422, 166 Pac. 565; *Railway Co. v. City of Topeka,* 103 Kan. 897, 176 Pac. 642; *Atchison, T. & S. F. Rly. Co. v. City of Ellinwood,* 119 Kan. 218, 238 Pac. 341; *Union Pac. Rld. Co. v. City of Russell,* 119 Kan. 350, 240 Pac. 264.)

In *Stewart v. Adams,* 50 Kan. 560, 32 Pac. 122, the court said:

"A city of the second class cannot enlarge its limits from the territory adjacent thereto by an ordinance of the city council only, when the territory sought to be added is not subdivided into lots and blocks. (Gen. Stat. 1889, ¶ 884.)" (Syl. ¶ 3.)

The statute then under consideration provided for a petition to the judge of the district court substantially as is provided in section 12-501 of the Revised Statutes, and then provided "that no such proceeding shall be necessary where the territory sought to be added is subdivided into lots and blocks, but in such cases the city council of such city shall have power to add such adjacent territory to said city by ordinance."

Was Price's addition platted into lots and blocks as required by statute so as to enable the city by ordinance alone to include any part of the addition within the corporate limits? It was divided into tracts some of which contained approximately one acre and the remainder more than five acres each, none of which was surrounded by streets, and through which there were no alleys. Four streets from the city extended to the addition but did not go through it. One-half of that part of two of the tracts, shown as block No. 6 and block No. 13, was divided into lots 331½ feet long and 125½ feet wide. Only three of those lots, the north one and the two south ones, had any street along them. It cannot be said the Prices' addition was platted into lots and blocks so as to authorize the city to include it within its corporate limits by ordinance.

In *Stewart v. Adams,* supra, the court said:

"We think the reasons given by the trial judge are sufficient to show that the city council, in passing both ordinances Nos. 115 and 217, acted without jurisdiction, as all the territory sought to be added was not subdivided into lots and blocks, as prescribed by the statutes; and that it cannot be said, considering the language of the ordinances, that either ordinance is valid as to the tracts or pieces of land subdivided into lots and blocks, but not valid as to the tracts or pieces of land which were not subdivided or platted. In this case, the ordinances must all stand or fall together, because all of the parts are inseparably united." (p. 565.)

It is not necessary to discuss whether or not the West Side addition was platted into lots and blocks and adjoined the city so as to authorize it to annex that addition to the corporate limits. The reason for this conclusion is that the ordinance must fail because of the attempt to annex Price's addition to the corporate limits of the city, a thing that was beyond the power of the city to do in the

manner in which it was attempted to be done. The ordinance is invalid. The plaintiffs should have prevailed.

The judgment is reversed, and judgment is rendered in favor of the plaintiffs.

HARVEY, J., dissenting.