No. 39,036

VIRGINIA BABB, *Appellant*, v. CITY OF WICHITA, KANSAS; THE BOARD OF CITY COMMISSIONERS, consisting of W. C. SALOME, L. A. DONNELL, EARL K. DUKE, F. RUSSELL JUMP and FLOYD T. AMSDEN; C. C. ELLIS, Clerk of the City of Wichita, Kansas, *Appellees*.

(259 P. 2d 581)

Opinion filed July 6, 1953.

*Havard F. Hudson*, of Wichita, argued the cause, and *Virginia Babb*, of Wichita, was with him on the briefs for the appellant.

*Paul J. Donaldson*, of Wichita, argued the cause, and *Fred W. Aley* and *Lawrence E. Curfman*, both of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an injunction action in which plaintiff sought (1) a mandatory injunction repealing Ordinance No. 15-786 of the city of Wichita, purportedly vacating Yale Avenue; and (2) a preventive injunction enjoining the city from spreading any of the assessments for paving Yale Boulevard through plaintiff's lots on Yale Avenue and from the collection thereof, and decreeing that the city, not the plaintiff, shall pay for the paving on the west half of Yale Boulevard between Fourteenth and Fifteenth streets in the city of Wichita.

After the issues were joined and the evidence submitted, and after considering the briefs and arguments of counsel, the court found and concluded as follows:

"1. On February 13, 1942, the City Commission, on recommendation of the City Planning Commission, approved a plat filed by the First National Bank in Wichita. Said plat showed Reserve A, in Yale Heights Addition lying between Yale Boulevard in said Yale Heights Addition and Yale Avenue in Babb's Replat of Part of Fairmount Addition, and between 14th and 15th Streets, all as shown by the various exhibits admitted herein.

"2. On February 18, 1942, the First National Bank gave a warranty deed to H. B. Gilkeson, covering all of Yale Heights Addition, including said Reserve A.

"3. On December 23, 1942, H. B. Gilkeson gave a Quit Claim deed to the City of Wichita to said Reserve A in Yale Heights Addition 'for street purposes,' which was accepted by the City of Wichita.

"4. On June 15, 1948, the City of Wichita granted a petition for paving Yale Boulevard from East Fifteenth Street to the south line of Lot 5, Block B, south of 14th Street in Yale Heights Addition. Said H. B. Gilkeson was shown on the abstractor's certificate accompanying the petition to be the sole owner of lots on both sides of Yale Boulevard, including Reserve A, on said date.

"5. On June 22, 1948, the City passed the resolution of necessity for paving Yale Boulevard.

"6. On June 23, 1948, the City started publication of said resolution of necessity for paving Yale Boulevard.

"7. On July 18, 1948, the period for protesting the paving of Yale Boulevard expired.

"8. On November 28, 1948, plaintiff was notified by David Rowlands, then Director of Research and Planning of the City Planning Commission, of the City's intention to vacate Yale Avenue.

"9. On March 23, 1949, an advertisement for sealed bids for paving Yale Boulevard was published in the Wichita Eagle, the official city paper.

"10. On March 29, 1949, the City let the contract for paving Yale Boulevard, placed on first reading the ordinance authorizing the paving of Yale Boulevard and accepted the recommendation of the City Planning Commission to vacate Yale Avenue.

"11. On March 30, 1949, the City published Ordinance 15-786 in the official city paper. Said Ordinance vacated Yale Avenue between 14th and 15th Streets and provided that it would become effective on said March 30, 1949.

"12. On March 7, 1950, the paving assessment ordinance for the paving of Yale Boulevard was published in the official city paper.

"The Court concludes as follows:

"1. That judgment on all the issues should be rendered generally in favor of the defendant, City of Wichita, et al., and against the plaintiff.

"2. That Reserve A, having been deeded to the City for street purposes, is not a block within the meaning of the term 'block' as used in the General Statutes of Kansas for 1949, Section 12-601.

"3. That the vacation of Yale Avenue by the City of Wichita under the authority of G. S. 1949, 13-443, did not change the benefit district of property owners owning property liable for special assessment to pay for the paving of Yale Boulevard.

"4. That the action of the City of Wichita in vacating Yale Avenue was not arbitrary and capricious.

"5. That the acts of the City of Wichita in paving Yale Boulevard and in vacating Yale Avenue, and in assessing paving costs against the property of the plaintiff, were such acts as were proper and in conformity with statutory authority conferred upon the City of Wichita, and after having properly followed statutory procedure."

In due time plaintiff filed a motion for a new trial and also a motion for additional findings. These motions were considered by the court, the motion for a new trial was overruled, and an additional finding, No. 11 (a), was made as follows:

"Finding No. 1 is amended as follows: 'On February 13, 1942, the City Commission, on recommendation of the City Planning Commission, approved the plat of Yale Heights Addition, filed by the First National Bank in Wichita; said plat showed Reserve "A" In Yale Heights Addition, as lying between Yale Boulevard in said Yale Heights Addition and Yale Avenue in Babb's Replat of Part of Fairmount Addition, and between 14th and 15th Streets, all as shown by the various exhibits admitted herein. Yale Heights Addition adjoins Babb's Replat of Part of Fairmount Addition, to the east thereof, as shown by said exhibits. Babb's Replat of Part of Fairmount Addition was filed by W. J. Babb on June 7, 1910, on which date, said W. J. Babb owned the land on both sides of Wellesley Avenue, (now vacated Yale Avenue). Plaintiff is the owner of lots 107 to 133, inclusive, in Babb's Replat of Part of Fairmount Addition, which said lots formerly fronted on Yale Avenue, now vacated. On December 1, 1938, the First National Bank in Wichita took title to the unplatted land east of Yale Avenue now vacated.'

"Finding Number 8 is amended as follows: 'On November 28, 1948, plaintiff was notified by David Rowlands, then Director of Research and Planning of the City Planning Commission, of the City's intention of vacating Yale Avenue. On or about December 21, 1948, 83-1/3 per cent of the lot owners on the west side of Yale Avenue, filed a protest against the vacating of Yale Avenue with the City Commission and with the City Planning Commission.'

"Finding 11 (a) is added to the Findings as follows: 'On or about June 11, 1949, the City commenced to fill in Reserve "A" by removing dirt from both sides thereof, thereby creating an approximate five foot stepdown at the east edge of Yale Avenue, now vacated.'"

From an exhibit used in evidence we have had a drawing made, a reproduction of which is attached as Appendix "A," which shows the location of the area in controversy.

We now take up the questions argued here. Is appellant entitled to a mandatory injunction repealing Ordinance No. 15-786 of the city of Wichita, which purported to vacate Yale Avenue? There is not much that can be said for appellant on that point. G. S. 1949, 13-443 gave the city authority to vacate the street. The trial court specifically found "That the action of the City of Wichita in vacating Yale Avenue was not arbitrary and capricious." We

concur in the trial court's view. When the city was asked to pave Yale Boulevard it found itself with more street than it needed. Yale Boulevard has been platted 80 feet wide. The Reserve A, as platted in Yale Heights Addition, had been deeded to the city for street purposes. This was an irregular tract extending from Fourteenth to Fifteenth street, about 60 feet wide near the south end and bearing to a joint near the north, with an average width of perhaps 25 to 30 feet. Directly to the west of Reserve B was Yale Avenue, 30 feet wide. It never had been opened up and used as a street. The city had no need for it for street purposes. The city clearly had the statutory right to vacate the street, and we see nothing in the record that would have justified the court in holding that its action in doing so was arbitrary or capricious.

The second general relief plaintiff sought by this action was an order enjoining the city from making any assessment upon her lots for the paving of Yale Boulevard. The record discloses that plaintiff is a daughter of William J. Babb, who filed the replat of Fairmount Addition in June, 1910. At the time of the trial of this action plaintiff was the owner of fourteen odd numbered lots, 107 to 133, inclusive, facing Yale Avenue in the Fairmount Addition. She had owned twelve of these lots for many years and purchased two of them after this action was filed. She testified that when the plat was filed by her father he owned the land to the east; that it was rough grazing country; that Yale Avenue in the fourteen hundred block had never been opened for traffic, and that there had been no improvements on her lots.

Counsel for appellant contend that Reserve A is a city block within the meaning of our statute (G. S. 1949, 12-601) and in support of this contention cite *Bowlus v. Iola,* 82 Kan. 774, 109 Pac. 405; *Railway Co. v. City of Topeka,* 103 Kan. 897, 176 Pac. 642; *Atchison, T. & S. F. Rly. Co. v. City of Ellinwood,* 119 Kan. 218, 238 Pac. 341, and *Wilson v. City of Topeka,* 168 Kan. 236, 212 P. 2d 218. We have examined the opinions of the court in each of those cases and the earlier cases cited therein and think they are not controlling here. Each case is predicated upon the situation shown by the record, none of which is tantamount to the situation here presented. It must be remembered that Reserve A, here involved, is a part of the city street, and for that reason cannot be assessed for its improvement. It was deeded to the city "for street purposes." The minutes of the city commission disclose that the

commission considered whether it should accept the deed for that purpose and concluded to do so and had the deed filed for record. It is true that was a quitclaim deed, but we think the form of the deed .is not important. See, *Miller-Carey Drilling Co. v. Shaffer*, 144 Kan. 508, 61 P. 2d 1320, where the form of the deed was a general warranty, yet the purpose for which the deed was given was recognized and enforced.

Counsel for appellant next contend that Reserve A is an intersection, as that term is used in our statute (G. S. 1949, 12-603). We think it quite obvious that the point is not well taken.

Counsel for appellant contend that by the vacation of Yale Avenue the city violated our statute (G. S. 1949, 12-513 to 12-516), as the same was construed in *State v. Head*, 34 Kan. 419, 8 Pac. 722. Those sections of the statute pertain to changing frontage of city lots upon the petition of the owners of the lots and the decision turned upon whether a proper certificate had been filed in the office of the register of deeds. We do not regard the statute or the decision as having any particular force in this case.

There is some discussion in the briefs of counsel as to whether on the vacation of Yale Avenue all of its width, thirty feet, reverted to plaintiff's lots or only one-half of it. This question is not one we are required to decide in this case. Perhaps the record is inadequate for us to decide it if it were before us.

It seems to us clear from the record that the city proceeded in harmony with our statute in vacating Yale Avenue from Fourteenth to Fifteenth street and in all of the steps necessary to be taken for the paving of Yale Boulevard and for determining and assessing the amount each property owner liable for the cost thereof should pay.

One of the things complained about by appellant is that in paving Yale Avenue the city also provided for the drainage of surface water from a near-by area to a draw which runs through Reserve A, and in doing so left an embankment extending north and south, east of what was Yale Avenue, so that plaintiff does not have a ready way to get/to the new pavement on Yale Boulevard. That is a matter which it appears can be worked out by the parties themselves. It is incidental only to the authority of the city to vacate Yale Avenue and to lay a pavement through Yale Boulevard. This is not an action for damages. We shall not attempt to determine the rights of the parties with respect to this feature of the case.

We find no error in the record. The judgment of the trial court is affirmed.

APPENDIX "A"

NORTH

FAIRMOUNT ADDITION

15TH ST.

95
97
99
101
103
105
107
109
111
113
115
117
119
121
123
125
127
129
131
133
135
137
139
141

14TH ST.

143
145
147
149
151
153
155
157
159
161
163
165
167

YALE AVENUE

RESERVE A

PAVED AREA

BOULEVARD

YALE

60'
30'
30'
60'
60'
30'
30'
80'

1
2
3
4
5
6
7
8
9
10
11
12
13

27
26
25

G

1
2
3
4
5

B