CLARA BOWLUS *et al., Appellants,* v. THE CITY OF IOLA *et al., Appellees.*

No. 16,716.

### SYLLABUS BY THE COURT.

1. WORDS AND PHRASES—*"Block"*—*Assessment of Cost of Street Improvements.* In this case it is held that a tract of platted ground surrounded by streets and forming a portion of a city constitutes a "block" within the meaning of section 1374 of the General Statutes of 1909 (Laws 1905, ch. 116, § 1), relating to the method of assessing the cost of street improvements, although the donor of the plat divided the tract into two portions by an alley and designated each portion a block.

2. ESTOPPEL — *Municipal Corporation* — *Misinterpretation of a Statute*—*Assessment.* The fact that in previous similar cases the city acted upon a misinterpretation of the statute in assessing street improvements does not estop it from now proceeding according to law.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed June 11, 1910. Affirmed.

*Altes H. Campbell,* and *John F. Goshorn,* for the appellants.

*Travis Morse,* and *G. E. Pees,* for the appellees.

The opinion of the court was delivered by

·BURCH, J.: The following sketch shows certain blocks, lots, streets, avenues and alleys as they appear on the plat of the city of Iola:

The plat bears the following legend: Avenues, 100 feet wide; streets, 80 feet wide; alleys, 15 feet wide.

It will be observed that tracts 79 and 82 are separated by unnamed ways fifteen feet wide, the same as those which run north and south through the centers

of tracts 82 and 83. Consequently such ways are alleys, and not streets or avenues.

The city paved Sycamore street, and in making the assessment to pay for the improvement treated the tracts designated on the plat as blocks 78 and 83 as forming one block, and treated what are called blocks 79 and 82 as forming one block. From a judgment sustaining the assessment, property owners in so-called blocks 78 and 79 appeal.

The statute reads as follows:

"Fourth, for paving . . . all streets, avenues, and alleys, . . . : the assessments shall be made for each block separately, on all lots and pieces of ground to the center of the block on either side of such street or avenue, the distance improved or to be improved, or on the lots or pieces of ground abutting on such alley, according to the assessed value of the lots or pieces of ground, without regard to the buildings or improvements thereon." (Gen. Stat. 1909, § 1374.)

The question is, What constitutes a "block" within the meaning of the statute?

The appellants argue that since the ordinary method of platting is into lots and blocks the legislature must have had in mind a block made by platting, and hence that the designation given by the donor of the plat controls. The premise is sound enough, but the conclusion does not follow. According to all the dictionaries and the popular understanding everywhere a block is a portion of a city surrounded by streets. In common practice city plats are made to conform to this understanding, and the legislature had in mind blocks so constituted, and not tracts arbitrarily designated as blocks by the donor of a plat. This interpretation accounts for the difference between the method of assessing the cost of street improvements and the method of assessing the cost of alley improvements. An alley is a narrow way designed for the special accommodation of the property it reaches. Consequently the cost of im-

proving an alley is laid upon the abutting lots or ground. Streets and avenues are designed for general public travel, and consequently the cost of improving them is extended to the center of the tracts bounded by such thoroughfares. These views find support in the opinions delivered in the following cases: *City of Ottawa v. Barney,* 10 Kan. 270; *Olsson v. City of Topeka,* 42 Kan. 709; *McGrew v. Kansas City,* 64 Kan. 61.

The fact that the city has heretofore acted upon a misinterpretation of the statute in assessing street improvements where tracts like those numbered 78 and 79 were involved does not estop it from proceeding according to law in this instance.

The judgment of the district court is affirmed.