No. 20,922.

R. P. CRAVENS et al., *Appellees,* v. E. J. PUTNAM, as Mayor, etc., C. E. BANKER, as Clerk, TAYLOR MILLER et al., as Councilmen of the City of Salina, *Appellants.*

### SYLLABUS BY THE COURT.

PAVING—*Taxing District—Special Assessments—Statute Must be Followed.* The statute having prescribed what shall constitute a taxing district in the matter of paving a street, and also the mode of making special assessments upon private property to pay for the paving, it must be closely followed, and a substantial departure from the method prescribed by the legislature will invalidate the assessment.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed June 9, 1917.   Affirmed.

*H. C. Tobey,* and *W. B. Crowther,* both of Salina, for the appellants.

*Z. C. Millikin,* of Salina, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the owners of lots in Salina to enjoin the officers of the city from levying and collecting illegal assessments made upon their lots for the paving of Front street and also to prevent the issuance of bonds to pay for the paving. In the preliminary steps the officers of the city designated the extent of the paving district and undertook to make it include blocks and parts of blocks as indicated on the plat shown on page 162.

Gypsum avenue, Iron avenue, Oakdale avenue, Walnut street and Front street are regularly laid out streets of the city. The distance between the south line of Iron avenue and the north line of Gypsum avenue is 418 feet, and the west line of Front street between Iron avenue and Walnut street is not intersected by any cross street. Second street, west of Front street, runs parallel with Front street and 250 feet west of it. The part of Front street improved extends from Iron avenue past Gypsum avenue to Walnut street, and the authorities

11—101 Kan.

undertook to include in the paving district the territory to the
middle of block 6, abutting on Front street, and also a large
part of block 14, lying on the south side of Gypsum avenue;
namely, the part which extends from Front street to the mid-
dle of the block and as far south as the north line of Walnut
street.   They also included one-half of the block lying west of
Front street and extending from Iron avenue to Walnut
street.   The territory between Front street and Second street,
and extending from Iron avenue to Walnut street, constitutes
a single block, and has been in this form since the platting of
the original town site.   The plaintiffs' lots are situated in block
6 and they insist that the inclusion of other blocks or parts of
blocks in the paving district is contrary to the statute and fatal
to the validity of the assessment.   The court found that the

Cravens v. City of Salina.

assessments as made by the city upon plaintiff's property were greatly in excess of what they would have been had the assessments been made for each block separately.

The legislature has prescribed the extent of the paving district and the method of apportioning assessments of this character. It is provided that in cities of the second class, "assessments shall be made for each block separately, on all lots and pieces of ground to the center of the block on either side of such street or avenue, the distance improved or to be improved, . . . according to the assessed value of the lots or pieces of ground, without regard to the buildings or improvements thereon, which value shall be ascertained by three disinterested appraisers appointed by the mayor and council, or commissioners," etc. (Gen. Stat. 1915, § 1705.) As the statutory rule requires that assessments shall be made upon each block separately, the attempt of the city to include other territory with block 6 was without authority. What constitutes a block to be separately assessed has been the subject of investigation a number of times, and it has been determined that it is a platted portion of a city surrounded by streets. (*City of Ottawa v. Barney,* 10 Kan. 270; *Blair v. City of Atchison,* 40 Kan. 353, 19 Pac. 815; *McGrew v. Kansas City,* 64 Kan. 61, 67 Pac. 438; *Bowlus v. Iola,* 82 Kan. 774, 109 Pac. 405.) The plaintiffs are entitled to have their property assessed according to the statutory method, and, as we have seen, the departure from that method resulted in a substantial increase in the assessments that were made. The city may not adopt a different plan of assessment because it may be more convenient for the mayor and council or because its officers may think it to be more equitable in its application. The legislature had the authority to make an apportionment, and it is well established that statutory rules making special assessments upon private property must be strictly followed. (*Simpson v. Kansas City,* 46 Kan. 438, 26 Pac. 721.) The fact that the block opposite block 6, in which plaintiffs' property is situated, extends from Iron avenue to Walnut street and considerably farther south than does block 6, does not affect the application of the statutory rule. The block as platted is the unit in apportioning special assessments, and whether it is larger or smaller than another block abutting upon an im-

proved street it must be separately assessed. (*Bowlus v. Iola,* supra.) The length of that block may slightly affect the assessments made upon the lots along the street, but absolute equality is not attainable. Some blocks abutting on a street are deeper than others, but a variation in depth has never been regarded as cause for departing from the statutory rule nor as invalidating the assessments made.

There is a contention that as plaintiffs had petitioned for the improvement and allowed it to proceed they are estopped to question the validity of the assessment. While they petitioned for the improvement they did not ask for an invalid apportionment of the tax. There was a legal way in which to make the assessments, and the plaintiffs had a right to expect that the statutory and usual method would be used. They invoked action, but not illegal action, and the rule in the cited case of *Stewart v. Comm'rs of Wyandotte Co.,* 45 Kan. 708, 26 Pac. 683, does not apply.

The judgment is affirmed.