No. 21,307.

EPH LARSON and MATT SWEET, *Appellees,* v. THE CITY OF OTTAWA, *Appellant.*

### SYLLABUS BY THE COURT.

PAVING—*Addition to City—"A Block"—Special Assessments to Center of Block.* An addition to a city of the second class was platted into parcels that were 1296 feet long and 409.5 feet wide, the ends of which abutted upon a street that was about to be paved. The assessment for the pavement was extended by the city authorities to the center of the tract abutting on the street. In a controversy as to the validity of the assessment it is held that the addition must be regarded as platted land, and as the tract in question in the addition is surrounded by streets it is held that it constitutes a block within the meaning of the statute relating to assessments, although it is much larger than other blocks within the city, and therefore the extension of the assessment to the center of the block is adjudged to be valid.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed July 7, 1917. Reversed.

*F. M. Harris,* of Ottawa, for the appellant.

*Ralph E. Page,* and *Curtis M. Oakes,* both of Ottawa, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by Eph Larson and Matt Sweet against the city of Ottawa to determine the validity of an assessment to pay for the paving of Ash street in that city between Sixth and Seventh streets. The case was submitted upon an agreed statement of facts from which the trial court determined that the assessment as made by the city was improper and should be enjoined. The following plat shows the location of the district in question:

Baldwin & Taylor's addition was platted when the west line of the city limits was Ash street, and this addition extended west 1296 feet. As will be seen from the plat, the addition is divided into eight lots. The district assessed by the city for the tax included lots 2 and 4. Plaintiffs' property consists of lot 4. There are no intersecting streets between lots 2, 4, 6 and 8, these lots forming one continuous tract extending from Ash street to Beech street. On the east side of Ash street for the distance improved is block 118 which is divided into lots 25 feet wide and 150 feet long, fronting on Ash street. The trial court determined that the assessment should extend only to the middle of lot 2, designated by the trial court as block 2.

The city appeals and contends that since there are no streets intersecting the tract between Ash and Beech streets and

Sixth and Seventh streets, the whole tract constitutes a block, being surrounded by streets, and that the assessment district properly extends to the center of such block; while the plaintiffs contend that the tract should not be regarded as platted land and in no event should the assessment extend further than 300 feet west of Ash street, and that if it should be regarded as platted ground each one of the lots should be considered as a block and that the assessment district should therefore only extend to the center of lot 2. Two methods of assessing property for the improvement of the city streets are authorized. If the property is platted the assessments are to be made upon each block separately on all lots and pieces of ground to the center of the block on either side of such street. (Gen. Stat. 1915, § 1705.) If the land abutting on the street is not platted into lots and blocks the assessments are to be made on the pieces of ground adjoining the street improved to the distance of 300 feet from such street. If the ground in the addition in question can be regarded as platted territory the assessment must be extended to the center of the block, and if it is unplatted ground the assessment must be extended 300 feet west of Ash street. In this case the addition has been platted in the usual way except that perhaps the blocks are larger than many of the blocks in the city; that is, the blocks are 1296 feet long and 402.5 feet wide, while the lots are about 325 feet wide and 402.5 feet long. There is no standard provided by statute as to the size and shape of blocks, and there is no uniformity in the subdivisions that have been made. In view of the fact that there is no prescribed size by either rule or practice it can hardly be said that the addition can be treated as unplatted ground because of the size of the blocks. In the matter of assessments for street improvements there has been uniformity of decision that a block is a square or tract of platted land surrounded by streets. (*City of Ottawa v. Barney,* 10 Kan. 270; *Blair v. City of Atchison,* 40 Kan. 353, 19 Pac. 815; *McGrew v. Kansas City,* 64 Kan. 61, 67 Pac. 438; *Bowlus v. Iola,* 82 Kan. 774, 109 Pac. 405; *Railway Co. v. City of Chanute,* 95 Kan. 161, 147 Pac. 836; *Cravens v. City of Salina,* ante, p. 161.)

In the Cravens case, *supra,* the block assessed was about twice as long as other blocks abutting on the street improved,

but it was held that the exceptional size of the block did not take the assessment out of the statutory rule. It was said:

"The block as platted is the unit in apportioning special assessments and whether it is larger or smaller than another block abutting upon an improved street it must be separately assessed. (*Bowlus v. Iola*, 82 Kan. 774.) The length of that block may slightly affect the assessments made upon the lots along the street, but absolute equality is not attainable. Some blocks abutting on a street are deeper than others but a variation in depth has never been regarded as cause for departing from the statutory rule nor as invalidating the assessments made." (p. 163.)

Plaintiffs refer to *McGrew v. Kansas City*, supra, as an authority supporting their claim, but there the assessment was extended over a large tract of unplatted land lying within the corporate limits. It was conceded by all the parties that the tract had not been subdivided or platted.

The addition must be regarded as platted ground and the tract which is surrounded by streets and of which plaintiffs' ground was a part must be treated as a block. The eastern half of the block is subject to assessment for the improvement of Ash street.

The judgment will therefore be reversed and the cause remanded with directions to render judgment in accordance with this opinion.