No. 21,014.

JOHN W. WATTS et al. (LOUISE N. CHRISTY, *Appellant*), V.
THE CITY OF\ WINFIELD, *Appellee*.

No. 21,243.

LOUISE N. CHRISTY, *Appellant*, v. THE CITY OF WINFIELD,
*Appellee*.

### SYLLABUS BY THE COURT.

1. PAVING—*Street Through Platted and Unplatted Grounds—Method of Special Assessments.*  Under a statute providing that assessments to pay for paving streets shall be made on all lots and pieces of ground to the center of the block on either side, but that when the street runs in part through unplatted ground they "shall be levied on the lots and pieces of ground along said street, on either side thereof to the same distance on either side of said street as the levy is made where the street to be improved runs through platted ground" (Gen. Stat. 1915, § 1706), the distance to the center of the block on each side of the street regulates the distance to which the unplatted ground on that side of the street is to be assessed.

2. SAME—*Assessing to Center of Block—Constitutional Law.*  The fact that the blocks on opposite sides of the street are of different depth, as a consequence of which the unplatted ground on one side is assessable for a greater distance than on the other, does not render the statute, as so construed, obnoxious to the 14th amendment to the federal constitution.

3. SAME—*Tract of Ground Surrounded by Streets—Levying Assessments.*  The mere fact that a tract of ground lies within a city, and is surrounded on all sides by streets, does not require it to be treated as a platted block for the purpose of levying assessments for the pavement of one of the streets.

4. SAME—*Lots Not Abutting Street—Liable to Assessments.*  The fact that a part of an otherwise unplatted tract has been platted into lots which do not abut upon the improved street, does not exempt it from contributing to the cost of a pavement, where its distance from the street is less than the distance from the street to the center of a block on the same side of the street which abuts on the improvement.

5. SAME—*Special Assessments—Injunction—Tender.*  No tender is necessary to enable a plaintiff to present by injunction any objection he may urge against the validity of a special assessment, or any part of it, where one of his contentions is that the entire charge is void.

Appeal from Cowley district court; OLIVER P. FULLER,
judge.  Opinion filed October 6, 1917.  Modified.

*W. P. Hackney,* and *L. D. Moore,* both of Winfield, for the appellant.

*J. A. McDermott,* and *S. C. Bloss,* both of Winfield, for the appellee.

The opinion of the court was delivered by

MASON, J.: Several property owners brought an action to enjoin the collection of a paving assessment made by a city of the second class. The contention of Louise N. Christy, one of the plaintiffs, was denied, and she appeals. The land of some of the other plaintiffs was held not to be subject to assessment, and therefore a new levy for a larger amount was made upon the property held to be liable, including that of the appellant referred to. She brought another action, and being denied relief, again appeals. The two appeals have been consolidated.

The principal question involved relates to the interpretation and validity of the rule for determining what property shall be charged with the payment of the improvement, which is contained in these excerpts from the statute, the controversy being as to the effect of the concluding provision:

"The assessments shall be made for each block separately, on all lots and pieces of ground to the center of the block on either side of such street or avenue, the distance improved or to be improved, or on the lots or pieces of ground abutting on such alley, according to the assessed value of the lots or pieces of ground, without regard to the buildings or improvements thereon, which value shall be ascertained by three disinterested appraisers appointed by the mayor and council, or commissioners." . . . (Gen. Stat. 1915, §1705.)

"Where any improvement . . . shall be made and the piece or pieces of land abutting on such improvement shall not be divided into lots or blocks, the assessments therein provided for shall be made on the piece or pieces of ground adjoining such improvement or through which the same may be located to the distance of 300 feet from the street, avenue or alley upon which such improvements are made extending along the street, avenue or alley the distance improved or to be improved . . . provided that where the street to be improved runs partially through platted ground and unplatted ground, the assessment for the payment of the cost of the construction of the improvement on the street running through the unplatted ground shall be levied on the lots and pieces of ground along said street, on either side thereof to the same distance on either side of said street as the levy is made where the street to be improved runs through platted ground." (Gen. Stat. 1915, § 1706.)

The situation to which this rule is required to be applied is shown by the accompanying map, which is largely self-explanatory.

The pavement to be paid for was laid upon Andrews street, from Third street to Fifth avenue. The only tracts which have been platted—divided into lots and blocks—are those designated on the map as "Andrews' Addition," "Gilbert's Addition," and "Northfield." The various numbered parcels of irregular size, such as "49," "49¼," "50," "50½," are tracts which have been conveyed by metes and bounds and for convenience have been designated by these numbers; those numbered 50 and 50½ being the plaintiff's. The land was found to be all of the same value per square foot, and the only dispute arises over the question as to where the line should be drawn separating the property which is liable from that which is exempt. On the west side of Andrews street the assessment covered the east half of the platted tract (block 183 in Northfield addition), forming a strip 150 feet wide, and a strip of the same width taken from the east end of the unplatted tract lying to the south. The figures seem to show that the block measures 310 feet from east to west, instead of 300 even, but no point is sought to be made of this difference. On the east side of Andrews street the assessment covered the west half of block 202 in Andrews' addition, being all of it lying within 325 feet of the improved street, and, at first, covered also all of the land shown by the map lying east of the street within that distance, including the portion designated as Gilbert's addition. In the first injunction action, however, the court held that Gilbert's addition was not taxable, and it was therefore omitted from the assessment as finally made.

The plaintiff contends that the land abutting on the improved street should have been assessed to the same depth on each side of the street—that is, for 150 feet; that if the statute requires an assessment for a depth of 150 feet on one side and of 325 feet on the other it is invalid because it results in an unnecessary and unreasonable inequality amounting to a taking of property without due process of law; she also suggests that if the depth of the assessed strip is not to be the same on each side of the street, then on the east side it should extend to the middle of the tract inclosed by Andrews and Colorado streets and Fourth and Fifth avenues; and that in any event, if a part of the cost of the improvement is charged to her prop-

erty, that lying in Gilbert's addition should also bear a part of the burden.

1. The provision of the statute is that where the street to be improved runs through both platted and unplatted ground the assessment to pay the cost of the pavement through the latter "shall be levied on the lots and pieces of ground along said street, on either side thereof to the same distance on either side of said street as the levy is made where the street to be improved runs through platted ground." We think this means that wherever a part of the ground abutting on the improvement is platted, the distance to the center of the block fixes the limit of the property to be taxed on that side of the street, in the case of the unplatted as well as the platted ground. Where the blocks on opposite sides of the streets are not of the same depth there is nothing in the statute to indicate that the one rather than the other should control, and the language used seems to require that the depth of the blocks on each side shall furnish the criterion for that side. If the blocks on the same side should happen not to be of the same size there would be a serious difficulty in applying the rule, but that situation does not arise here.

2. The fact that the block on the east side of the improved street measures 650 feet from east to west, while that on the west side measures only 300 or 310, results in the unplatted land on the east side being assessed to a distance from the street of more than twice the limit on the west side. Such an inequality, if it were occasioned by an arbitrary and unreasonable method of apportioning the tax, would be sufficient to condemn the levy as an invasion of the constitutional guaranty against the taking of property without due process of law and the denial of the equal protection of the laws. (*Gast Realty Co. v. Schneider Granite Co.*, 240 U. S. 55.) In the case just cited it was said: "The defendants' case is not an incidental result of a rule that as a whole and on the average may be expected to work well, but of an ordinance that is a farrago of irrational irregularities throughout." (p. 59.) The court there recognized the rule that "in the case of a square bounded by principal streets the land might be assessed half way back from the improvement to the next street." (p. 58.) That is the general principle upon which the statute under consider-

ation is founded. As the blocks affected may be of different sizes, it follows that at one place the line marking the limit of the taxed district may lie farther from the improved street than at another. But this is only such an incidental inequality as may be expected from the application of any general rule designed to give approximately just results, where there is no possible standard by which exact equality may be assured. The statute fixes 300 feet as the distance for which unplatted ground abutting on an improved street shall be required to contribute to the cost of the improvement, but adds the proviso that where a different limit is fixed for adjacent platted property by the center-of-the-block rule, that limit shall control as to the unplatted ground. The manifest purpose of the proviso was to eliminate an existing source of probable injustice and inequality, not to create a new one. The draftsman doubtless had in mind the likelihood that the unplatted land would in time be platted according to the plan prevailing upon the same side of the street, or the presumption that the unplatted property would ultimately derive about the same benefit from the improvement as property already platted, which was similarly situated. We do not think the inequality shown here is sufficient to condemn the statute as unconstitutional.

3. We regard as untenable the suggestion that the assessed district might be made to include the west half of the entire tract bounded by Andrews and Colorado streets and Fourth and Fifth avenues. This would be to treat that tract as a block of platted land. Under exceptional circumstances a parcel of land in the heart of a city, bounded by streets, has been held to constitute a "block" for the purpose of the application of the center-of-the-block rule, although no plat had ever been filed designating it as such (*Railway Co. v. City of Chanute*, 95 Kan. 161, 147 Pac. 836) ; but it does not follow that every piece of ground surrounded by streets is to be so considered, and here no exceptional circumstances are shown such as to require that treatment.

4. A more difficult question is presented with respect to the liability of Gilbert's addition to the assessment. It is manifest that it is against the spirit of the law for this property to be exempted merely because it does not abut on the improved street, and consists of a string of lots touching no street ex-

cept at the north and east, and has been carved out of an un-
platted tract lying within the limits of the asssessment dis-
trict.   Nor do we think the language of the statute requires
such exemption.   It provides that "the assessment for the pay-
ment of the cost of the construction of the improvement on the
street running through the unplatted ground shall be levied
on the lots and pieces of ground *along* said street, . . .  to
the same distance  .  .  .  as the levy is made where the street
to. be improved runs through platted ground."   The word
"along" must be interpreted according to its context, and does
not necessarily imply contact. (See 1 Words & Phrases, 352,
355.)   While the property to be affected by the clause quoted
would ordinarily be unplatted, we do not think the fact of land
being platted would neccessarily take it out of the operation of
this part of the statute; and in the situation here presented
we think Gilbert's addition should have been required to con-
tribute to the cost of the pavement.   As its exemption added
to the burden cast upon the plaintiff's land she is aggrieved
thereby.

5. The suggestion is made that as the plaintiff has not paid
or offered to pay any part of the tax, she is not entitled to be
heard upon any objection that does not go to the entire amount.
As already stated, she contends that her land should not be
charged with any part of the cost of the pavement, but also
makes the contention that in any event the charge made
against it is too great.   As she denied all liability no tender
was necessary to enable her to present any objection she might
urge to the entire tax or to any part of it.   (*Railroad Co. v.
Kansas City*, 92 Kan. 487, 141 Pac. 302.)

In other respects the rulings of the trial court are affirmed,
but the judgments are modified, and the cause is remanded
with directions that the enforcement of the present tax be en-
joined, and that upon the payment of the charge against her
land which results from an assessment on the assumption that
Gilbert's addition is to bear its share of the cost of the im-
provement, she shall be relieved from further liability.