No. 26,047.

The Atchison, Topeka & Santa Fe Railway Company, *Appellant*, v. The City of Ellinwood, *Appellee*.

### SYLLABUS BY THE COURT.

Municipal Corporations—*Assessments for Benefits—Apportionment—Platted Territory.* For purposes of assessment to pay for the improvement of a street in a city of the third class, pieces of platted ground which adjoin the street to be improved cannot be regarded as unplatted territory, but is subject to assessment as platted territory although not entirely surrounded by streets, and unplatted territory lying beyond the part that is platted and which does not adjoin the street is not subject to the assessment.

Appeal from Barton district court; LeRoy E. Quinlon, judge. Opinion filed July 11, 1925. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, and *William Osmond,* of Great Bend, for the appellant.

*R. C. Russell* and *D. A. Banta,* both of Great Bend, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: In this action the Atchison, Topeka & Santa Fe Railway Company sought to enjoin the city of Ellinwood, a city of the third class, from the enforcement of special assessments on its property for the pavement of a city street. The trial court held the assessments to be valid and denied the injunction. Plaintiff appeals.

The city determined to pave a part of Santa Fe street, which runs east and west, and to meet the expense of the same levied assessments on the adjoining property. The assessments were extended over blocks 41, 42 and 43, all of which are situated south of Santa Fe street and north of the plaintiff's right of way. No streets intervened between the blocks mentioned and the right of way. The

Municipal Corporations, 28 Cyc. p. 1124.

territory south of these blocks being unplatted territory, the assessment was extended 300 feet south of the street proposed to be paved. Blocks 41, 42 and 43 are only 150 feet deep and the lots platted extend from Santa Fe street south to plaintiff's right of way. The land immediately south of the railroad right of way is used for farming purposes. The people occupying blocks 41, 42 and 43 are not contesting the validity of the assessments, but the plaintiff insists that under the statute the assessment cannot be extended south of the blocks named and upon its right of way. It appears that the blocks on the north side of Santa Fe street were 300 feet in depth, while those on the south side were only half that depth. On the north of lots 41, 42 and 43 the corresponding blocks were assessed to a depth of 150 feet, while on the south it extends not only to the same depth over blocks 41, 42 and 43, but still farther over the right of way to a depth of 150 feet, making 300 feet in all. Blocks A and K are triangular pieces of ground designated as blocks lying between Santa Fe avenue and the right of way of the railroad, and the assessment was extended over a portion of plaintiff's right of way. The accompanying sketch will aid in an understanding of the situation.

Defendant insisted that these pieces of ground, being somewhat irregular in form and not surrounded by streets, fall outside of the provisions of the statute extending the assessment to the middle of blocks, but are to be regarded as unplatted tracts of ground subject to assessment for a distance of 300 feet from the improved street. Both parties agree that the assessments were made under the General Statutes of 1915, section 1974, and so much of the section as is pertinent to the controversy reads as follows:·

"The assessment shall be made for each block separately, on all lots and pieces of ground to the center of the block on either side of such street or avenue, the distance improved or to be improved, . . . according to the assessed value of the lots or pieces of ground without regard to the buildings or improvements thereon. . . . Where any improvement specified herein shall be made, and the piece or pieces of land abutting on such improvement shall not be divided into lots or blocks, the assessment shall be made on the piece or pieces of ground adjoining such improvement, or through which the same may be located, to the distance of three hundred feet from the street, avenue or alley upon which such improvements are made, extending along the street, avenue or alley the distance improved, or to be improved, as provided herein."

As will be observed, blocks 41, 42 and 43 lie within the boundaries of the city, are platted ground, and as platted they adjoin Santa Fe

avenue. As originally platted there were streets between blocks 41 and 42, and also 42 and 43, but these were vacated sometime prior to the assessment. These blocks are just half the size of those on the north of Santa Fe avenue, and that is accounted for by the fact that full-sized blocks could not be platted because of the railroad right of way on the south which was not subject to platting. Although less in area than the blocks north of the improved street, the assessment extends 150 feet to the ends of the lots, which is the same depth or distance of the assessment made on the blocks north of the street. We think the assessment of the right of way south of these blocks cannot be justified under the law. There is one rule for the assessment of land platted into lots or blocks and another for unplatted land. An assessment on abutting property can only be extended under the 300-foot rule where the ground has not been divided into lots or blocks. Here the abutting ground is platted and there is no rational theory upon which the land can be treated as unplatted for assessment purposes. The city contends that because the blocks named are not surrounded by streets it cannot be treated as platted ground. Blocks are mentioned in the statute, and in the popular understanding blocks are ordinarily to be regarded as parcels of ground surrounded by streets. (*Bowlus v. Iola*, 82 Kan. 774, 109 Pac. 405.) If land is actually platted so that no street is established on one side of a block, as it might be on the outer boundary of a city or along the boundary of a river, could it be said that the ground would escape assessment entirely for the improvement of a street upon which it adjoined? Being platted, it cannot be assessed under the rule for unplatted land, and if it cannot be assessed as platted land there would be no rule under which it could be assessed at all. We think it was the intention of the legislature that platted land adjoining a street to be improved should be subject to an assessment, although it might be irregular in form or size and that streets had not been laid out on all sides of it. Exceptions have been recognized and assessments upheld without regard to the size of the block, and a variation in this respect was held not to invalidate assessments. (*Cravens v. City of Salina*, 101 Kan. 161, 165 Pac. 801. See, also, *Larson v. City of Ottawa*, 101 Kan. 422, 166 Pac. 565; *Watts v. City of Winfield*, 101 Kan. 470, 168 Pac. 319.) Blocks 41, 42 and 43, having been platted as blocks and lots, must be deemed to be platted territory within the meaning of the statute, and that precludes the theory that an assessment may be extended

to the land south of them. It may be noted that if these blocks had corresponded in size with those north of the street the assessment could not have been extended more than 150 feet nor farther than the middle of such blocks.

Another consideration is that the statute provides that if the adjoining land has not been divided into lots or blocks an assessment may be made to the distance of 300 feet. This language may carry the implication that if abutting land is platted into lots but not into blocks it would not come under the 300-foot rule, but should be assessed as platted ground under the other rule. In such case a question might arise as to whether it should be assessed as a part of a block or only to the middle of the platted ground, but no such question is raised here, as no objection is made by the owners of the lots to an assessment the full depth of the same, which is 150 feet. Our conclusion is that the assessment of the right of way south of these blocks was invalid and should have been enjoined.

Block A is in a similar situation. It abuts on Santa Fe avenue, is platted into lots, some of which are more than 150 feet deep and more of them being somewhat less, it being irregular in form. It is surrounded by streets on three sides and by the railroad right of way, a public highway on the other side. So divided it cannot be regarded as unplatted territory, and the right of way south of the block is not subject to assessment for the improvement of a street upon which it does not abut.

Block K is a triangular plot of ground which lies between the street and the right of way, is bounded on the east by Bismark street, and the west point of the triangle intersects the railroad right of way, which runs in a northwesterly direction through the city. It is much smaller in area than the other blocks, but has been treated as a unit in the platting of the city. Another difference is that it is not subdivided into lots. The city treated it and the right of way south of it as unplatted territory, and extended the assessment over it and part of the right of way immediately south of the block. We think that under the statute it must be regarded as platted ground. It was set apart and designated as a unit in platting the city and is practically surrounded by public highways. Whether it be regarded as a lot or a block, it comes within that provision of the statute that lots *or* blocks abutting a street to be improved shall be assessed as such to pay for the improvement. While it is exceptional in form, size and situation, it separated the right of way from the improved

The State, *ex rel.*, v. Hemphill.

street and hence cannot be considered to be united with the right of way and together treated as unplatted territory. It follows that the judgment must be reversed and the cause remanded with the direction to render judgment enjoining the assessment.