No. 26,089.

UNION PACIFIC RAILROAD COMPANY, *Appellant*, v. CITY OF RUSSELL, and J. W. MORPHY, as City Clerk of the City of Russell, *Appellees*.

### SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Assessment Districts—Units Constituting*. A tract of ground in a city of the third class was platted into blocks and so designated in accordance with the general scheme of platting of the city, but two of the blocks were irregular in form, somewhat lacking in area and were each bounded on three sides by streets, while on the other side they were bounded by the right of way of a railroad. In providing for an assessment to pay for the paving of a street which crossed the railroad right of way and passed between the blocks mentioned, the city included the right of way and these blocks in a single assessment district and assessed the district as a unit: *Held*, that each of the blocks constituted a unit for assessment purposes and that the lots therein abutting upon the improvement should be separately assessed for the entire cost of the improvement between the blocks, and that the unplatted territory of the railroad right of way should be separately assessed for the cost of the improvement through that territory.

Appeal from Russell district court; JACOB C. RUPPENTHAL, judge. Opinion filed October 10, 1925. Reversed.

*T. M. Lillard, Bruce Hurd* and *O. B. Eidson*, all of Topeka, for the appellant. *Oscar Ostrum*, of Russell, for the appellees.

---

1. Municipal Corporations, 28 Cyc. p. 1150.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action brought by the Union Pacific Railroad Company to enjoin the assessment and collection of special improvement taxes for paving a part of Main street in the city of Russell. A temporary restraining order was granted by the probate judge, but on the final hearing of the cause before the district court that order was vacated and the injunction denied. Plaintiff appeals.

The plaintiff is a railroad corporation which operates a line through the city of Russell. Russell is a city of the third class, and having determined to pave a portion of Main street which divides blocks 50 and 51 as platted, crosses the right of way of the railroad company a distance of 400 feet and divides blocks 68 and 69 on the south of the railroad right of way, it passed an ordinance placing blocks 50 and 51, together with the right of way, in an assessment district. An assessment was made on this territory as a unit extending from Ninth street to Eleventh street, embracing one-half of blocks 50 and 51, and the same distance from Main street on each side of the unplatted railroad right of way. The accompanying sketch illustrates the situation.

Blocks 68 and 69 south of the right of way were treated as distinct units and separately assessed. The amount assessed against the territory from the north line of Ninth street to the south line of Eleventh street for the pavement was $12,703.59, of which $11,329 was charged against the railroad right of way—$636.26 against the lots comprising the west half of block 50 and $759.04 against the lots in the east half of block 51. The railroad company insisted that it was only chargeable with the cost of the improvement upon which its right of way abutted on each side of the street, and tendered $8,652.32—an amount sufficient to meet assessment for the improvement if its ground had been separately assessed.

The contention of the plaintiff is that the action of the city in placing the platted and unplatted territory together in the assessment district was contrary to the statute and that a charge upon its territory for the improvement in blocks 50 and 51 was unauthorized. It insists that blocks 50 and 51 should each be regarded as separate units and that lots therein should be assessed for the improvement upon which they abut, and that the unplatted ground of the plaintiff should be separately assessed for the improvement of that part of

the street which passes across its grounds. The theory of our law is that land platted into lots or blocks abutting on an improvement shall be assessed for such improvement, the block being the unit and the levy to extend to the middle of the block. It is contended by the city that as blocks 50 and 51 are not completely surrounded by streets they cannot be regarded as units for assessment purposes. It will be observed that block 51 is surrounded by streets except a few feet on the south line, where that line intersects the right of way, and that block 50 is surrounded on three sides by streets and on the other side by the railroad right of way, which in a sense is a public highway. It appears that the city was platted after the right of way was established and the land north of it was platted and the tracts designated as blocks, including the ones in question. These blocks could not be made regular in form, and Tenth street extended south of them because of the existence of the railroad right of way, but they do accord with the general scheme of the plat. To all intents and purposes they are blocks, and within the meaning of the statute relating to the assessment for improvements should be so regarded. In the recent case of *Atchison, T. & S. F. Rly. Co. v. City of Ellinwood*, 119 Kan. 218, 238 Pac. 341, tracts of ground platted as blocks which were less in area than other blocks and bounded by the right of way of a railroad on one side were held to be blocks within the meaning of the statute for assessment purposes. It was said:

"We think it was the intention of the legislature that platted land adjoining a street to be improved should be subject to an assessment, although it might be irregular in form or size and streets had not been laid out on all sides of it. Exceptions have been recognized and assessments upheld without regard to the size of the block, and a variation in this respect was held not to invalidate assessments. (*Cravens v. City of Salina*, 101 Kan. 161, 165 Pac. 801. See, also, *Larson v. City of Ottawa*, 101 Kan. 422, 166 Pac. 565; *Watts v. City of Winfield*, 101 Kan. 470, 168 Pac. 319.)" (p. 221.)

The rule of that case is applicable and controlling here. The cases cited in which a general definition of a block is given as a square surrounded by streets is not to be strictly applied in exceptional cases where under the general scheme of platting a platted tract is substantially a block and has been so designated on the plat. In 1 Page & Jones on Taxation by Assessment, in section 628, it is said:

23—119 Kan.

"In doubtful cases the court has some discretion in determining what a square is. A tract of land which was the size of two ordinary city squares, which was surrounded by streets and opposite the middle of which on either side a street had been opened, but did not extend through the large tract in question, was treated as consisting of two squares by regarding such street as opened so as to extend through such tract."

In *Sivyer & Sons Co. v. City of Spokane,* 77 Wash. 282, the court considered the question of the meaning of a block as used in an assessment statute, and remarked:

"Obviously, the legislature never intended to use the word 'block' in the broad sense of a square included by four streets, how far soever apart and how large soever the resulting square, but did intend the square included by four streets as located by the system or scheme of streets prevailing generally in the environing city plat in which the given assessment district may be located. By 'platted property' is evidently intended lands so included by the regularly placed intersecting streets and by 'unplatted property' is intended lands not so included. Fractional blocks and irregular blocks produced by interference with the general street scheme, by the topography of the ground, by joining up with other additions, or by diagonal streets, would, of course, be treated as platted property." (p. 286. See, also, *Missouri, K. and T. Ry. Co. v. City of Tulsa,* 45 Okla. 382; *Holt v. Figg,* 123 Ky. 167.)

Blocks 68 and 69 on the south of the unplatted right of way which are similarly situated to the blocks on the north were properly treated as separate units, and blocks 50 and 51 should have been likewise treated and assessed. The lots in these blocks abutting on the improvement should be assessed for the cost of the improvement and no part of such cost assessed against the unplatted ground of the plaintiff. The cost of the improvement through its right of way is chargeable to the plaintiff, and it appears that the amount of the same has been tendered.

The judgment is reversed and the cause remanded with the direction to enter judgment in accordance with this opinion.