No. 27,408.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant,* v. THE CITY OF KINGMAN et al., *Appellees.*

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Assessment for Benefits—Apportionment—Platted Ground Constituting Block.* In assessing ground for the improvement of a street in a city where the abutting ground on one side of the street was platted, but the lots and blocks on that side were only two-thirds as long or deep as those on the other side, and these blocks which extend from the street to a river, are bounded on three sides by streets, but are not bounded on the river side by a street, the platted ground between the street and the river must be treated as blocks and an assessment on these for the improvement of the street can only be extended to the center of such blocks.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed January 8, 1927. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, and *Charles C. Calkin,* of Kingman, for the appellant.

*S. S. Alexander,* of Kingman, for the appellees.

Municipal Corporations, 28 Cyc. p. 1425 n. 41; 28 L. R. A. n. s. 1171; 25 R C. L. 138-140.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action by the Atchison, Topeka & Santa Fe Railway Company to enjoin the city of Kingman from including certain of its property which constitutes a part of its right of way in a benefit district and the assessment of the same to pay for a pavement of a part of Sherman street in that city. Sherman street is 100 feet wide, extending east and west through the city. The blocks on the north are 300 feet in depth while south of that street and abutting on it the lots were 200 feet in length, the north ends of which abut on Sherman street and extend south to the north bank of the Ninnescah river. The right of way of the railway company extends through the south end of these lots and over ground that is platted. The assessment as made was extended not only over the center of the block on the south side of Sherman street but also 50 feet farther south over platted ground, some of which constitutes a part of the right of way of the railway company. The plaintiff claims that the assessment over more than half of the blocks which abut the improved street on the south is in violation of the statute. The trial court ruled that the string of lots south of the street constituted only half of a block, that unplatted ground south of the lots situated within certain outlying streets and highways, together with the lots, should be treated as a block and that the city had the right to extend the assessment 50 feet beyond the middle of the platted ground. It therefore refused the injunction. The plaintiff appeals.

The special findings recite many facts relating to the original platting of the city, its environs and growth, but the controlling question in the case is whether platted ground south of the street to be improved should be treated as blocks. In platting the city the blocks were not designated by name, number or otherwise. The ground in question is platted and is surrounded by streets except that the blocks are bounded on the south by the north bank of the Ninnescah river and the right of way of the railway company. These blocks as platted differ from others in that the lots are only 200 feet deep while blocks north of the street are 300 feet in depth. In our system of assessments on abutting property for the improvement of streets where the ground is platted, the block is the unit and the benefit district may be extended to the middle of the block. Where it is un-

platted territory the assessment may be extended on the adjoining pieces of ground to the extent of 300 feet, and if the street to be improved runs partly through platted ground and partly through unplatted ground, the assessment levied on the unplatted part shall be the same as that levied on the platted ground. (R. S. 12-601, 12-606.) The legislature has prescribed the plans and limits of assessments for the improvement of streets and the statutory rules prescribed for levying assessments on private property must be strictly followed. (*Simpson v. Kansas City,* 46 Kan. 438, 26 Pac. 721; *Cravens v. City of Salina,* 101 Kan. 161, 165 Pac. 801.) As the ground adjoining Sherman street on the south is subdivided into lots and blocks it must be treated as platted territory. Where the platted ground assessed is not as large in area or of the form of other blocks, and while it is not bounded on the south by a street, we think they must be regarded as blocks within the meaning of the statute.

The questions involved here have been recently considered and the decisions then made are deemed to be controlling in this case. (*A. T. & S. F. Rly. Co. v. City of Ellinwood,* 119 Kan. 218, 238 Pac. 341; *U. P. Rld. Co. v. City of Russell,* 119 Kan. 350, 240 Pac. 264.) As to the difference in area of the blocks and of irregularities in form it was said in the case of the City of Ellinwood that:

"We think it was the intention of the legislature that platted land adjoining a street to be improved should be subject to an assessment, although it might be irregular in form or size and that streets had not been laid out on all sides of it. Exceptions have been recognized and assessments upheld without regard to the size of the block, and a variation in this respect was held not to invalidate assessments." (p. 221; *Cravens v. City of Salina,* 101 Kan. 161, 165 Pac. 801; *Larson v. City of Ottawa,* 101 Kan. 422, 166 Pac. 565; *Watts v. City of Winfield,* 101 Kan. 470, 168 Pac. 319.)

Although the blocks under consideration have no street on the south we think it was never intended that platted ground in order to be considered as a block must be entirely surrounded by streets. The blocks in question extend to the north bank of the Ninnescah river, and it is found that the topography and character of the ground south of there was not suitable for business or residence purposes. In the City of Ellinwood case is was said:

"If land is actually platted so that no street is established on one side of a block, as it might be on the outer boundary of a city or along the boundary of a river, could it be said that the ground would escape assessment entirely for the improvement of a street upon which it adjoined?" (p. 221.)

Atchison, T. & S. F. Rly. Co. v. City of Kingman.

In *Union Pacific Rld. Co. v. City of Russell,* supra, a quotation from the supreme court of Washington is made as follows:

"Obviously, the legislature never intended to use the word 'block' in the broad sense of a square included by four streets, how far soever apart and how large soever the resulting square, but did intend the square included by four streets as located by the system or scheme of streets prevailing generally in the environing city plat in which the given assessment district may be located. . . . Fractional blocks and irregular blocks produced by interference with the general street scheme, by the topography of the ground, by joining up with other additions, or by diagonal streets, would, of course, be treated as platted property." (*Sivyer & Sons Co. v. City of Spokane,* 77 Wash. 282.)

Sherman street was laid out in conformity with the other streets of the city and the lots south of the street extended as we have seen from it to the river. The north bank of the river was a natural boundary for the blocks south of that street, and were extended as far as it was practicable to extend them. The boundary for a block may be determined by the topography of the ground. Lots or blocks may be laid out to a line where it is impracticable to establish a street, and so we often find that ground platted into lots and blocks on the extreme limits of a city, on a river or where there is natural obstruction, the platted ground is left in irregular form and of less area than in other lots and blocks in the general scheme of platting. That, however, does not take such platted ground out of the statutory definition of lots or blocks, nor change the rule of assessment. (*Watts v. City of Winfield,* supra; *Railway Co. v. City of Topeka,* 103 Kan. 897, 176 Pac. 642.) Within the authorities cited the platted ground abutting on Sherman street on the south must be regarded as blocks and the assessment which extended farther from the street than the center of the blocks, is invalid. Its enforcement should have been enjoined, and therefore the judgment is reversed with the direction to enter judgment for plaintiff.