No. 29,332.

The Atchison, Topeka & Santa Fe Railway Company, *Appellee*, v. The City of Hutchinson, H. J. Haskard, as Mayor, W. C. Ellis et al., as City Commissioners, and H. R. Obee, as City Clerk, of the City of Hutchinson, Reno County, *Appellants*.

(287 Pac. 587.)

Opinion filed May 3, 1930.

*Max Wyman*, of Hutchinson, for the appellants.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong*, all of Topeka, *William Osmond* and *T. B. Kelley*, both of Great Bend, for the appellee.

The opinion of the court was delivered by

Jochems, J.: This was an action for injunction. Defendants demurred to plaintiff's petition and the court overruled the demurrer. Defendants appeal from that decision.

The petition alleged, in substance, that plaintiff originally owned the land upon which the city of Hutchinson is situated; that it conveyed this land to one C. C. Hutchinson, who in turn platted the town; that in the conveyance the right of way of its railroad through the said city was reserved to plaintiff in fee simple. Plaintiff alleged that C. C. Hutchinson platted the land so conveyed to him as the townsite of Hutchinson, Kan., and in so doing platted the ground situated on both sides of its right of way at the points in controversy, and divided it into the lots as shown by plats attached to the petition as exhibits A and B. (These exhibits A and B are reproduced herewith.)

Exhibit A.

Exhibit B.

Plaintiff further alleged that under ordinance No. 1980 the defendants had levied upon the abutting owners and other property owners, to the center of what defendants contend are the blocks lying north of Second avenue between Poplar and Elm streets, and the blocks lying south of Third avenue, between Poplar and Maple streets, as described in the petition, for the purpose of meeting the cost of paving Second and Third avenues between the points shown in the plats; that the ordinance levied taxes upon the property of the plaintiff in each instance lying beyond the center of the platted lots and in fact lying many feet beyond the center line of the platted lots.

The plaintiff's petition charged that the levy was unlawful as against plaintiff's property, and further asked that the court enjoin defendants and all persons acting under them from certifying the assessment to the county clerk and from collecting or attempting to collect any part of the cost of paving the streets.

The appellants contend that the court improperly overruled their demurrer to the petition and that plaintiff's petition shows on its face that the property of the appellee was rightly included in the benefit district. Appellants take the position that the language of the statute indicates that the "block" which the legislature had in mind was one composed of either platted or unplatted ground, or both, surrounded entirely by streets, which conforms generally in size and shape with other such tracts in the vicinity.

R. S. 12-601 provides:

" . . . Whenever any street or avenue in any city shall be . . . . paved . . . the cost of such improvement shall be paid by and assessed to the property on each side of said street or avenue to the middle of the block."

The appellee contends that the lots in the platted tracts abutting upon the improved streets which lie between the improved streets and the right of way of plaintiff in each instance constitute a block and should bear the cost of the paving in that block. Further, that the fact that the block lying immediately north of Third avenue and between Poplar and Maple streets is smaller than the block lying immediately north of the improvement between these two streets makes no difference. In support of this contention it cites *Cravens v. City of Salina,* 101 Kan. 161, 165 Pac. 801, and *Larson v. City of Ottawa,* 101 Kan. 422, 166 Pac. 565.

The situation here presented is similar to that which was before

the court in *Atchison, T. & S. F. Rly. Co. v. City of Ellinwood,* 119 Kan. 218, 238 Pac. 341; and *Atchison, T. & S. F. Rly. Co. v. City of Kingman,* 122 Kan. 504, 252 Pac. 220. In *Railway v. Ellinwood,* supra, a similar situation was carefully considered, and in discussing it the court said:

"Here the abutting ground is platted and there is no rational theory upon which the land can be treated as unplatted for assessment purposes. The city contends that because the blocks named are not surrounded by streets it cannot be treated as platted ground. Blocks are mentioned in the statute, and in the popular understanding blocks are ordinarily to be regarded as parcels of ground surrounded by streets. (*Bowlus v. Iola,* 82 Kan. 774, 109 Pac. 405.) If land is actually platted so that no street is established on one side of a block, as it might be on the outer boundary of a city or along the boundary of a river, could it be said that the ground would escape assessment entirely for the improvement of a street upon which it adjoined? Being platted, it cannot be assessed under the rule for unplatted land, and if it cannot be assessed as platted land there would be no rule under which it could be assessed at all. We think it was the intention of the legislature that platted land adjoining a street to be improved should be subject to an assessment, although it might be irregular in form or size and that streets had not been laid out on all sides of it. . . . Our conclusion is that the assessment of the right of way south of these blocks was invalid and should have been enjoined." (pp. 221, 222.)

In the same case, in discussing the situation with reference to block K, the court said: _

"Whether it be regarded as a lot or a block it comes within that provision of the statute that lots *or* blocks abutting a street to be improved shall be assessed as such to pay for the improvement. While it is exceptional in form, size and situation, it separated the right of way from the improved street and hence cannot be considered to be united with the right of way and together treated as unplatted territory." (p. 222.)

In *Union Pac. Rld. Co. v. City of Russell,* 119 Kan. 350, 240 Pac. 264, the court said:

"The theory of our law is that land platted into lots or blocks abutting on an improvement shall be assessed for such improvement, the block being the unit and the levy to extend to the middle of the block. It is contended by the city that as blocks 50 and 51 are not completely surrounded by streets they cannot be regarded as units for assessment purposes. . . . The case cited in which a general definition of a block is given as a square surrounded by streets is not to be strictly applied in exceptional cases where under the general scheme of platting a platted tract is substantially a block and has been so designated on the plat." (p. 353.)

To the same effect is *Atchison, T. & S. F. Rly. Co. v. Kingman,* supra.

The decision of the trial court in overruling defendants' demurrer was correct.

It will be noted from exhibit B that the right of way of the appellee abuts on Second avenue between Maple and Elm streets, which is a distance of about a third of a block, and to this extent, under a proper ordinance, the appellee should pay its proportionate part of the cost of the improvement. However, since it appears from the petition that the assessment of the entire cost has already been made under ordinance No. 1980, and that the ordinance is invalid and unlawful as attempting to assess a portion of the cost against the right of way of the appellee, which does not abut on the streets to be improved, the entire proceeding must fall and the order of the district court in overruling the demurrer must be sustained.

The decision of the trial court in overruling defendants' demurrer is affirmed.