No. 44,351

COLORADO OIL AND GAS CORPORATION, a Corporation, *Appellant,* v. CITY OF TOPEKA, KANSAS, a Municipal Corporation, *Appellee.*

(411 P. 2d 586)

Opinion filed March 5, 1966.

*C. Robert Bell,* of Wichita, argued the cause, and *Lester L. Morris, Verne M. Laing, Ferd E. Evans, Jr., Ralph R. Brock, Joseph W. Kennedy,* and *Robelt L. Driscoll,* all of Wichita, were with him on the briefs for the appellant.

*Donald S. Simons,* Assistant City Attorney, of Topeka, argued the cause, and *John W. Lewis, Gary A. Savaiano, William B. McCormick,* and *William L. Harris, Jr.,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: This was an action to enjoin the City of Topeka from collecting an assessment levied upon lots 9 and 10, Sunnymede, Second Addition to Topeka. A special assessment was made by the city to defray the cost of paving a block of Randolph Avenue Immediately south of 29th Street, upon which the lots leased by appellant abutted. From an adverse judgment in the district court appellant has perfected this appeal.

The appellant, plaintiff below, is the lessee of lots 9 and 10, Sunnymede, Second Addition to Topeka, under a long term lease which provides that lessee shall pay all special assessments on said property. Lot 10 is located at the southeast corner of the intersection of Randolph and 29th Street, abutting Randolph on the west and 29th on the north. Lot 9 lies immediately to the south of lot 10.

On March 3, 1964, the City Commissioners enacted ordinance number 11253 levying a special assessment upon the tracts of land abutting on both sides of Randolph Avenue in the first block south of 29th Street for paving. The paving project was designated as 1961 Paving Project No. 11, Block 7. The benefit district encompassed by the ordinance included lots 1 through 10, inclusive, on the east side of Randolph Avenue, Sunnymede, Second Addition, of which there is no complaint, and included a tract of land on the west side of Randolph Avenue to a varying depth, calculated under the provisions of G. S. 1949, 12-606, and running to a depth equal to that of the assessment district on the east side of Randolph Avenue at all points. The city made an assessment on the theory that G. S. 1949, 12-606, now K. S. A. 12-606, was the applicable statute in that the land involved was partially platted land, *i. e.,* that abutting on the east side of Randolph platted, that abutting on the west unplatted. The appellant contended the land abutting on the west side of Randolph Avenue was platted and that the assessment should have been made under G. S. 1949, 12-601, now K. S. A. 12-601.

The trial court found that K. S. A. 12-606 was the appropriate statute to be applied in drawing the assessment district under the facts and circumstances of this case.

In arriving at its conclusion the trial court stated that neither statute was clearly applicable and that the city had made an educated guess in using the second portion of 12-606, *supra,* which appeared to be the most nearly appropriate and the most equitable.

The parties submitted an agreed statement of the record on appeal. However, on oral argument to this court it was pointed out by the appellee's attorney that an error had been made in both the agreed statement and in the findings of the trial court in describing the land abutting Randolph Avenue on the west as block "C" Sunnymede Second Addition. The statement of appellee's attorney was not objected to by appellant's counsel. According to the plat (Exhibit "A") submitted as a part of the record the tract immediately abutting Randolph on the west is not identified as either a block or lot and is merely designated as "park dedication." It will be referred to herein as "park tract." Shunganunga Creek runs from south to north through the land in question separating Block "C" Sunnymede Annex on the west from the park tract on the east.

The park tract comprises the land between the west line of Randolph Avenue and Shunganunga Creek. It is 142 feet in width on the north, or 29th Street end, and 122 feet in width on the south end. It is not a part of Sunnymede Annex subdivision. The block "C" referred to lies immediately west of Shunganunga Creek and is approximately 50 feet in width. It is incorporated in Sunnymede Annex. Block "A" Sunnymede Annex adjoins block "C" on the west and in turn is joined on the west by block "A" of Sunnymede subdivision. A plat of the area under consideration is attached for the convenience of the reader. The appellant contends that the park tract abutting on Randolph is platted land and should be joined with blocks "C" and "A" of Sunnymede Annex, block "A" of Sunnymede Subdivision and be considered as one block for the purpose of drawing a *middle of the block* assessment under 12-601, *supra.* The total distance between Randolph and Oakley Avenues is 1229.08 feet. An assessment to the middle of the block, as urged by appellant would create an assessment district of 615 feet on the west side and an assessment of approximately 122 feet on the east side of Randolph Avenue.

We first note the statutes involved. K. S. A. 12-601 provides:

"Whenever any street or avenue in any city shall be graded, regraded, paved repaved, curbed, recurbed, guttered, reguttered, macadamized, remacadamized, or otherwise improved, the cost of such improvement shall be paid by and assessed to the property on each side of said street or avenue to the middle of the block."

### K. S. A. 12-606 provides:

"Where any of the improvements specified in this act are to be made upon streets or avenues, and the pieces of land abutting on such improvements shall not be divided into lots or blocks, the assessments for such improvement shall be made on the piece or pieces of ground adjoining such improvement or through which the same may be located to the distance of 300 feet from the street or avenue upon which such improvements are made extending along the street or avenue the distance improved or to be improved: *Provided,* That where the street or avenue to be improved runs partially through platted ground and partially through unplatted ground, the assessments for the payment of the cost of the construction of the improvement on the street or avenue running through the unplatted ground shall be levied on the lots and pieces of ground along said street or avenue on either side thereof, to the same distance on either side of said street or avenue as the levy is made where the street or avenue to be improved runs through platted ground: *Provided,* That in no case shall be (*sic*) the benefit district extend more than half way to the street or public highway parallel with and next to the public ground to be improved."

The statutes reveal three methods for the establishment of a benefit district to be assessed for the costs of street improvements. If all abutting land is platted or divided into lots or blocks the assessment shall be made to the middle of the block on each side of the street or avenue under 12-601, *supra*.

If the abutting land is not divided into lots or blocks then the assessment shall be made to a distance of 300 feet on each side of the street or avenue under the first provision of 12-606, *supra*.

If the proposed improvement was partially through platted and partially through unplatted ground then the assessment shall be made to the same depth on the unplatted ground as on the platted limited to half the distance to the next parallel street or highway under the second provision of 12-606, *supra*.

A twofold issue is developed by the contentions and arguments of the parties. The appellant contends the park tract is platted land and should be joined with all of the other described tracts creating a block running from Randolph to Oakley Avenues, one-half of which would be assessed under the application of 12-601, *supra*. On the other hand appellee contends that the park tract should be regarded as unplatted and assessed under the equidistant formula of the second proviso of 12-606, *supra*. Appellee further suggests that even though the park tract be regarded as platted and 12-601, *supra,* applied then the block created would be bounded on the west by Shunganunga Creek. The result being that only one-half of such block would be encompassed in the assessment district rather than that arrived at by the equidistant formula applied under 12-606, *supra*.

The appellant contends the entire area between Randolph and Oakley avenues should be considered a block since there are no intervening streets or avenues. It is argued that the size of the block is not determinative, citing *Larson v. City of Ottawa,* 101 Kan. 422, 166 Pac. 565; *Wilson v. City of Topeka,* 168 Kan. 236, 212 P. 2d 218.

We agree that the fact a tract may vary in size and shape from other blocks in the city does not necessarily prevent its designation as a block. However, other facts and circumstances are to be considered in determining the issue. Cases dealing with the subject were comprehensively reviewed in the recent case of *Mai v. City of Topeka,* 191 Kan. 589, 383 P. 2d 553, wherein it was stated:

"What constitutes a 'Block' as used in special assessment statutes is not capable of exact definition. The answer must be found in the facts and cir-

cumstances of each particular case measured by the statute under consideration. The previous decisions of this court are not too helpful in the case at bar because most of them are predicated upon different factual situations and dissimilar statutes. . . . The legislature did not contemplate or intend that a tract be considered as a block for special assessment purposes regardless of its size and surrounding conditions. It was the intention of the legislature to eliminate inequalities, not create new ones."

Under the facts and surrounding conditions reflected by the record and attached plat in this case the park tract, whether platted or unplatted, cannot be joined with blocks "C" and "A" of Sunnymede Annex and block "A" of Sunnymede Subdivision to create a block for special assessment purposes. It is obvious that Shunganunga Creek was considered a natural boundary by the developers and was so declared when designated as the east boundary of Sunnymede Annex in the legend enscribed on Exhibit "A." Sunnymede Annex was platted and block "C" dedicated for city park purposes in 1959. The park tract on the east side of Shunganunga Creek and abutting Randolph was dedicated as a city park in 1960 and while not clearly shown by the record it is assumed that it was a part of Sunnymede Subdivision No. 2.

It is clear that the "block" asserted by appellant is bisected by the natural barrier of Shunganunga Creek and the waste land along the banks thereof.

Ordinarily a block refers to a space in a city, usually rectangular and enclosed by streets. (*Wilson v. City of Topeka*, supra.) However, the boundary for a block may be determined by the topography of the ground or where ground is platted into blocks on the extreme limits of a city or abutting on a river or a natural obstruction. (*Atchison, T. & S. F. Rly. Co. v. City of Kingman*, 122 Kan. 504, 252 Pac. 220.)

To create the block asserted by appellant would require the assemblying of parts of three different subdivisions and disregarding a pronounced and recognized natural barrier.

The creation of a block under such circumstances is not compatible with the legislative intention expressed in the pertinent statutes.

In view of what has been said it appears to be of little consequence, as far as appellant's position is concerned, whether the park tract is determined to be platted or unplatted land. However, under the facts and circumstances revealed by the record herein

it cannot be said that the trial court erred in finding it to be unplatted within the statutory meaning of the term.

The origin of the park tract is not clear from the record but apparently it is land "more or less left over" after the tracts on either side were developed. Even though it may have been included in the recorded plat of Sunnymede Subdivision No. 2, it is not necessarily to be considered "platted" within the statutory meaning of the term.

It is apparent from the language used in K. S. A. 12-606 and predecessor statutes that the legislature considered platted land to be that divided into blocks and lots and unplatted land that not so divided. Judicial consideration has generally followed such concept. While not addressing itself to a specific determination of "platted" and "unplatted" this court has repeatedly held that when land is divided into blocks and lots it must be regarded as platted. (*Watts v. City of Winfield,* 101 Kan. 470, 168 Pac. 319; *Atchison, T. & S. F. Rly. Co. v. City of Ellinwood,* 119 Kan. 218, 238 Pac. 341; *Atchison, T. & S. F. Rly. Co. v. City of Kingman,* supra.)

In considering the meaning of the term "platted land" under the provisions of another statute it was stated in Syl. ¶ 3 of *State, ex rel., v. City of Kansas City,* 181 Kan. 870, 317 P. 2d 806, " 'platted land,' as the term is used in G. S. 1955 Supp., 13-1602a, is land subdivided into lots and blocks."

Even though the blocks and lots may be unusually large if the land is so divided it is regarded as platted. Such was the situation in the case of *Larson v. City of Ottawa,* supra, where the blocks were 1296 feet long and divided into lots 325 feet wide. Some departure from this concept may be found in cases in which the court has found a block to exist where a tract was enclosed on three sides by streets and other characteristics of a block prevailed even though some unplatted land was enclosed, if the land abutting on the improvement was platted. (*Wilson v. City of Topeka,* supra.)

In summarizing cases dealing with the subject, it may be stated generally that a tract of land lying within the limits of a city may be regarded as platted if divided into blocks and lots or if, for assessment purposes, such tract may be found to constitute a block from its surroundings and other related circumstances. Inferentially a tract not so situated may be regarded as unplatted within the statutory sense.

We have examined other cases cited by appellant and found none in which undivided land, situated in surrounding circumstances similar to those existing here, was held to be platted in the statutory sense.

The park tract was not divided into lots and blocks. It has never been given any delineation other than the boundaries of other tracts of land laid out around it. It was not denominated a block nor can it be considered as such under the ordinary definition—a rectangular tract surrounded by streets. It was found to be "practically wasteland" by the trial court. These facts viewed in the light of surrounding circumstances, heretofore recited, and measured by the provisions of the pertinent statutes compel the conclusion that the assessment was properly drawn under K. S. A. 12-606.

The judgment is affirmed.